ZOHRLAUT, Respondent, vs. MENGELBERG, Appellant.

*April 9—October 27, 1914.*

*Law of the case: Decision on former appeal: Judgment: Restraining enforcement: Res judicata: Injunctional order.*

1. The decision upon a former appeal, though by an equally divided court, is the law by which the rights of the parties must be determined upon a subsequent appeal in the same case.
2. In an action to restrain the enforcement of a judgment, the judgment itself is not disturbed nor is any matter on which it was based retried, but the court acts upon the party who obtained it; and the vital question is whether the former judgment is relievably unjust for reasons excusably not presented or passed upon at the time.
3. The *res judicata* effect of a judgment extends to all questions within the issues which were actually passed upon in reaching the final conclusion, whether mentioned in the judgment or found only in the findings or otherwise properly preserved in the case, and may extend further.
4. In an action to restrain the enforcement of a judgment on the ground that the written agreement upon which it was entered was not the real contract between the parties, that judgment should be treated as conclusive upon the parties as to matters decided in the former action which do not concern what the real contract was but are important only in determining the justice of the case in the light of such contract; but not conclusive as to matters subservient to and necessarily involved in the question of what the real contract was.
5. By a temporary injunction in such action the facts alleged and presented as the basis therefor do not become *res judicatœ.*

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Modified and affirmed.*

This action was brought to restrain the collection of a former judgment obtained by defendant against plaintiff in an action between the parties to this suit, on the ground that the written agreement upon which the former judgment was entered was not the agreement of the parties, and that upon

the agreement made the defendant was not entitled to any judgment against the plaintiff.

The former action was brought by the plaintiff here against the defendant here, and the defendant counterclaimed and obtained a judgment on his counterclaim against the plaintiff. The case was appealed to this court and the judgment affirmed and a motion for rehearing denied. *Zohrlaut v. Mengelberg,* 144 Wis. 564, 124 N. W. 247, 128 N. W. 975. The foregoing case gives quite a full history of the facts upon which the judgment sought to be restrained in the instant case is based. There was a demurrer to the complaint and motion for temporary injunction staying proceedings on the judgment pending action in the instant case. The demurrer was overruled and an order made continuing the preliminary injunction. On appeal to this court from these orders they were affirmed. *Zohrlaut v. Mengelberg,* 148 Wis. 592, 134 N. W. 1135.

The defendant then answered the complaint in the present action, which complaint alleged that the plaintiff agreed to sell to the defendant a 1-20 interest in the corporate assets of the Herman Zohrlaut Leather Company at a certain time, at a certain price, and upon certain conditions, and the plaintiff agreed to a repurchase on certain conditions; that plaintiff did sell a 1-20 interest for $25,000 and took the note of defendant, due five years after date with interest, in payment thereof; that an agreement was entered into in writing respecting the alleged sale and repurchase, such agreement being set out in the complaint; that plaintiff and defendant mistakenly assumed that the writing correctly set forth the agreement; that on December 1, 1899, the defendant delivered to plaintiff a note of $25,000 and also a certificate of stock in the Herman Zohrlaut Leather Company representing the undivided 1-20 interest in the net corporate assets of said company; that defendant was in the employ and an officer of the Herman Zohrlaut Leather Company from Decem-

ber 1, 1899, to January 1, 1905; that plaintiff commenced an action at law against defendant on the note referred to and defendant counterclaimed and set up that plaintiff was required to purchase of defendant according to the writings instead of according to the real contract of the parties; that it was not until March 23, 1905, that plaintiff first discovered that it was claimed the writings did not correctly contain the true agreement and that plaintiff could not by diligence have discovered such fact before.

The complaint further alleges that in the former action commenced against the defendant he employed competent counsel, and plaintiff was informed that the writings set out the real contract and so believed in good faith until the decision of this court in the action, and plaintiff believed he could not, by reason of the law as it then stood, reform the writing; that plaintiff did not ask reformation of the writings because he was advised by counsel and believed that reformation was not necessary and believed that the writings obligated him to purchase from defendant only a 25-500 interest in the net corporate assets of the corporation and not a 25-326 interest; that the undivided 1-20 interest was on January 1, 1905, worth less than $24,000, and that plaintiff was only obliged to purchase a 1-20 interest at such price as it might appear to be worth at that time according to the books of said company, and that there was due plaintiff on the note from defendant on January 1, 1905, $25,000; that plaintiff moved for a rehearing in the supreme court, which was granted and a rehearing had, and the case reargued October 29, 1910, and the judgment of the circuit court was on November 10, 1910, by an even decision of the supreme court, affirmed, and that plaintiff again moved for a rehearing, which was denied January 31, 1911, and that it was only finally determined that the writing meant something different from the true agreement on January 31, 1911; and that plaintiff brings the present action for reformation within a reasonable time after the making of said agreement.

The prayer of the complaint in the instant action is that defendant be restrained from issuing execution or attempting to collect said former judgment, or any part thereof, from plaintiff, and that the writings be reformed so as to express the true contract between plaintiff and defendant, and that defendant be restrained from assigning or selling said judgment, and that he be directed to execute a release and satisfaction of said judgment, and that said judgment be decreed satisfied and discharged, if defendant shall not satisfy it, and for general relief, with costs.

The defendant answered admitting the written contract as alleged in the complaint and his employment by the Herman Zohrlaut Leather Company under the contract until January 1, 1905; the severance of his relations with the company at that date, and denied that there was any mistake in the writings or that there ever was any agreement between the parties other than as expressed in the writings.' Defendant further set up the judgment in the former action as *res adjudicata*, that the plaintiff's claim was barred by the statute of limitations, and that he was not free from laches.

On the issues presented the court below found for the plaintiff as follows:

(1) That about August 21, 1899, the plaintiff and defendant agreed orally that if they could agree as to time for which defendant should be employed by the Herman Zohrlaut Leather Company and the salary which should be paid defendant, plaintiff would sell to defendant a 1-20 interest in the net corporate assets of said company at a price based upon a showing of the books of said company on November 30, 1899, and if defendant should not be continued as an officer and director of said company during the agreed term, or should quit its employment during said term, the plaintiff would buy back from defendant the said 1-20 interest at the then book value of the same as shown by the books of said company.

(2) That on or about August 21, 1899, in pursuance of

the agreement mentioned in finding number 1, the parties en-
tered into a written agreement.

(3) That the Herman Zohrlaut Leather Company was a
corporation organized under the laws of Wisconsin with a
capital stock of $500,000, divided into 500 shares of $1,000
each; that all of said capital stock was issued, outstanding,
and fully paid for and owned as specified in this finding;
that 174 shares, evidenced by certificate No. 8, were owned
by plaintiff subject to a pledge to Herman Zohrlaut to secure
payment of $100,000 according to a certain promissory note,
and that said 174 shares stood upon the corporate books in
the name of Herman Zohrlaut and said certificate No. 8 was
in the possession of Oscar Loeffler as agent of Herman
Zohrlaut.

(4) That about December 1, 1899, the plaintiff and de-
fendant agreed that defendant should be employed by said
company and elected a director and officer for the term of
five years from January 1, 1900, and should be paid a salary
for 1900 of $4,000, for 1901 $4,500, for 1902–1904 $5,000
per year; and it was further agreed that defendant should
pay plaintiff par instead of book value on November 30,
1899, for the twenty-five shares of capital stock of said com-
pany mentioned in the writing of August 21, 1899, which
was intended by both parties to represent a 1-20 interest in
the corporate assets; that there was issued to and received by
the defendant a certificate for twenty-five shares of the capi-
tal stock of said company, and the defendant gave his prom-
issory note for $25,000 therefor; that on November 30, 1899,
the book value of a 1-20 interest in the net corporate assets
of said company was $27,857.19.

(5) That thereafter and for the purpose of evidencing
said agreement plaintiff and defendant caused to be prepared
a writing dated December 1, 1899, and executed the same
sometime after February 21, 1900.

(6) That in making and executing said writing dated

August 21, 1899, and the said writing dated December 1, 1899, it was not the intention of the parties to in any manner cancel, rescind, alter, or modify the agreement entered into by them in August, 1899, as set forth in finding number 1, except in respect to the price to be paid by defendant to plaintiff for the twenty-five shares of stock mentioned in said writings, which were supposed and intended by both parties to represent the 1-20 interest in the net corporate assets so agreed to be sold by plaintiff, but that in making and executing said writings it was the intention of the parties in all other respects except as specified to ratify, confirm, and continue in full force and effect the said agreement entered into in August, 1899, and to settle, determine, and express the terms thereof and the terms left undetermined by said August agreement, to wit, the duration of defendant's employment by said company and the salary which should be paid to him.

(7) That, by mutual mistake and inadvertence of the parties and the scriveners who prepared them, the said writings dated respectively August 21, 1899, and December 1, 1899, do not correctly express the true agreement entered into between the parties as hereinbefore set forth.

(8) That the defendant entered the employ of the Herman Zohrlaut Leather Company on or about October 1, 1899, and thereafter and on or about October 26, 1899, was elected a director and an officer, to wit, secretary, of said Herman Zohrlaut Leather Company, and continued to be in the employ of said corporation and a director and officer thereof until the 31st day of December, 1904, since which time defendant has not been in the employ of said corporation or a director or officer thereof.

(9) That on the 31st day of December, 1904, and during January, 1905, the value of a 1-20 interest in the net corporate assets of the Herman Zohrlaut Leather Company, as shown by the books, was less than $25,000, and that at and

during said times plaintiff was not and has not since become indebted to the defendant upon said agreement to repurchase the 1-20 interest in the net corporate assets as so agreed to be sold by plaintiff to defendant.

(10) That on or about the 27th of February, 1905, the plaintiff commenced an action against the defendant upon said promissory note for $25,000 mentioned in the fourth finding; that in his answer and by way of counterclaim the defendant alleged that under and according to the terms of said writings the plaintiff was bound to repurchase of the defendant the twenty-five shares of stock mentioned in said writings, and further alleged that the book value of said shares according to the books of said company on December 31, 1904, was $39,312.50, and in said action said defendant claimed that at the time of the making of said writing, Exhibit 3, and the issuance of said certificate for twenty-five shares of stock to the defendant and on December 31, 1904, there were but 326 shares of the stock of said Herman Zohrlaut Leather Company issued and outstanding, and that under said writings the plaintiff was bound to repurchase from defendant twenty-five out of said 326 shares so claimed to be outstanding, instead of twenty-five out of the 500 shares of the capital stock of said corporation as provided in said writings, or 1-20 of the net corporate assets of said company as set forth in finding number 1; that prior to the service of said answer and counterclaim the plaintiff had no knowledge that the defendant claimed that said writings should be construed and held to mean as set forth in said counterclaim and as claimed by said defendant or that plaintiff was bound to repurchase said stock upon the basis so claimed by defendant; that such proceedings were had in said action that judgment was rendered and entered therein on December 7, 1908, in favor of the defendant for $14,312.50, with interest at the rate of six per cent. per annum from the 10th day of January, 1905, aggregating $17,668.78; that the plaintiff ap-

pealed from said judgment to the supreme court, and said judgment was finally affirmed on the 31st day of January, 1911; and that unless restrained by the judgment of this court the defendant will enforce and collect said judgment against, of, and from the plaintiff and the sureties on the undertaking given upon said appeal.

(11) That at the time of commencement of said action mentioned in finding number 10, the plaintiff believed that the writings correctly expressed the true agreement made and entered into between the parties as set forth in finding number 1; that at the commencement and during the progress of said action plaintiff with reasonable care employed counsel and was advised by said counsel, which he verily believed, that said writings correctly expressed the agreement actually made between the parties as hereinbefore found, and, as respects plaintiff's obligation to repurchase said shares of stock, should be construed and held to mean that plaintiff was bound to repurchase stock representing 25-500 or 1-20 of the net assets of said corporation, and that plaintiff did not learn to the contrary until the final decision of the supreme court in said action on January 31, 1911.

(12) That the plaintiff was not guilty of any want of ordinary care in failing to sooner find out that the said writings of August 21, 1899, and December 1, 1899, do not correctly express the true agreement made and entered into between plaintiff and defendant as set forth in finding number 1, and that because the said judgment entered December 7, 1908, in favor of the defendant and against the plaintiff is founded upon said writings, which do not correctly express the true agreement, said judgment is unjust, inequitable, and unconscionable and ought not to be enforced.

The court concluded (1) that said judgment entered on December 7, 1908, in favor of the defendant and against the plaintiff for $17,668.78 is unjust, inequitable, and unconscionable. (2) That the cause of action stated in the com-

plaint herein is not barred by any statute of limitations. (3) That the plaintiff has not been guilty of laches which should bar him from prosecuting this action or being granted the relief prayed in the complaint.    (4) That plaintiff is entitled to judgment perpetually enjoining and restraining the defendant and his attorneys, agents, and servants and all persons claiming under or through him or them from collecting or enforcing or attempting to collect or enforce said judgment mentioned in the first conclusion of law, of, from, or against the plaintiff or the sureties upon the undertaking given by plaintiff upon appeal to the supreme court, or any person who is or may be liable for the payment of said judgment; and for his costs and disbursements in this action.

Judgment was entered for the plaintiff enjoining the enforcement of the former judgment.    The defendant appealed from the judgment to this court and assigns the following errors: (1) In refusing to make findings one way or the other as requested by the defendant upon controverted questions in the case upon which the decision turned.    (2) In basing its decision, findings, and judgment upon conclusions contrary to matters and facts actually adjudicated and decided in the former action between the parties.    (3) In the admission of incompetent testimony, which, as appears upon the face of the opinion, was allowed to influence the conclusions and judgment of the court in favor of the plaintiff. (4) Because the evidence was wholly insufficient to justify or support the findings or judgment.    (5) In rendering judgment for the plaintiff.    (6) In not rendering judgment for the defendant.

For the appellant there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and a supplemental brief by *Flanders, Bottum, Fawsett & Bottum,* attorneys, and *Burr W. Jones,* of counsel, and oral argument by *Mr. Jones* and *Mr. C. F. Fawsett.*

For the respondent there was a brief by *Lines, Spooner,*

*Ellis & Quarles,* and a separate brief by *Glicksman, Gold & Corrigan,* and oral argument by *George Lines* and *W. L. Gold.*

The following opinion was filed June 17, 1914:

MARSHALL, J.   The complaint in this action states facts sufficient for a cause of action to restrain appellant from enforcing his judgment in the former action, so far as it was dependable on the contract between the parties being as there determined.   It having been so held on the previous appeal in this case, 148 Wis. 592, 134 N. W. 1135, the decision on such appeal, though by a divided court, is the law by which the rights of such parties must now be determined.   *Lathrop v. Knapp,* 37 Wis. 307, 312; *Case v. Hoffman,* 100 Wis. 314, 75 N. W. 945.

Starting as indicated, the way to the right result on this appeal is plain and short.

The facts, held, as aforesaid, to constitute a good cause of action, are covered by the findings in favor of respondent. All such findings as to what the real contract was between the parties and as to the equitable right of the respondent to litigate that matter notwithstanding the former judgment, upon the ground of excusable failure to properly bring the matter to the attention of the court upon the former occasion, are covered by the findings now in favor of respondent, and such findings are too well supported by evidence to permit disturbance of them.   Therefore the judgment rendered on such findings, so far as they are not fatally affected by errors of law, must be affirmed and otherwise modified.

In an action of this sort, the former judgment is not disturbed nor is any matter on which it was based retried; but the court, acting upon the party who obtained the unconscionable judgment by reason of matters excusably not brought to the attention of the court, prevents him from being enriched thereby.   *Crowns v. Forest L. Co.* 102 Wis. 97, 78 N. W.

433. The vital question is whether the former judgment is relievably unjust for reasons excusably not presented or passed upon before. *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 137, 79 N. W. 229. Therefore the rule of *res adjudicata* has no application to the case.

The *res adjudicata* effect of a judgment is not confined to matters appearing on the face thereof. It extends to all questions within the issues, which were actually passed upon in reaching the final conclusion, whether mentioned in the judgment or found only in the findings or otherwise in the case and properly preserved, and may extend further. *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1; *Strong v. Hooe,* 41 Wis. 659; *Rupiper v. Calloway,* 105 Wis. 4, 80 N. W. 916; *Eastman v. Porter,* 14 Wis. 39.

It follows that, as to matters decided in the former action which do not concern what the real contract was between the parties, but are important only in determining the justice of the case in the light of such contract, the decision before should have been received and treated upon the trial of this case as conclusive between the parties instead of being retried and contrary findings made.

The foregoing condemns the decision now complained of to the effect that at the time for determining the financial status between the parties before the commencement of the former action the value of the corporate assets represented by respondent's interest in the corporation was less than $25,000, whereas it satisfactorily appears, as counsel for appellant claim, the court found in said action that such value was $25,672.15.

According to the contract, whether appellant, in taking back from respondent the interest in the corporation which he purchased, was required to render anything therefor aside from the $25,000 note, was determinable by whether the value of corporate assets represented by such interest, meas-

ured by the contract as actually made, exceeded $25,000. The excess, if any, was required to be paid to respondent.

Therefore, had the court in the first action been put in possession of the facts so as to have dealt with the actual contract between the parties, it would have found respondent indebted to appellant in the sum of $672.15. That should have been considered as not open to question in this case and the finding of fact as to value of assets should have been made accordingly.

Other matters decided before, which are urged upon our attention as in the same class as the one we have referred to, we do not find so classible. They were subservient to the question of what the real contract was and are superseded by the fact, now established, that respondent's interest in the corporation was one-twentieth of the corporate property, but, by mistake, that was not enforceably embodied in the writing. This has particular reference to the circumstance of reduction of capital stock by 174 shares. It is useless to go into details now with reference to the matter.

We do not overlook the contention of respondent's counsel that the temporary injunction wholly restrained appellant from enforcing the former judgment pending this action, was based on proceedings disclosing the whole situation and was consistent only with the theory that if the facts alleged were true the entire judgment might be held unconscionable, and that the injunctional order is *res adjudicata* as to the facts thus presented. We are not familiar with principle or authority sustaining that position. A temporary injunction in an action does not settle anything finally. Its sole function is to preserve the existing situation until the termination of the litigation to the end that it may be effective to do justice between the parties in fact as well as in form.

As appellant, in the present aspect of the case, should have recovered judgment in the former action for $672.15, and interest from the time of its commencement and costs

even if the real contract between the parties had been before the court, he should not have been enjoined in this action from enforcing his judgment to that extent.

The judgment appealed from must, therefore, be modified accordingly and as so modified affirmed.

*By the Court.*—So ordered. No costs to be taxed in this court in favor of either party, except clerk's fees, attorneys' fees, and $75 for printing are allowed appellant.

BARNES, J., dissents.

TIMLIN, J., took no part.

The appellant moved for a rehearing. The respondent moved for a modification of the mandate and for a rehearing on the question whether the judgment appealed from should not be affirmed in its entirety instead of as modified. The motions were denied, and the following opinion was filed, October 27, 1914:

KERWIN, J. (*dissenting on motion to amend the mandate*). A motion in this case was made here to amend the mandate so as to affirm the whole judgment of the court below.

I am of opinion that the motion should be granted. I think the orders of the court below overruling the demurrer to the complaint and ordering the enforcement of the whole judgment restrained pending the action, affirmed on appeal to this court, upon the record and all the facts in the former case, are *res adjudicatæ*.

An order made on a motion for a preliminary injunction, affirmed on appeal to this court, is *res adjudicata* upon the same facts and record upon which the order is based in subsequent proceedings in the case. *New York & N. J. T. Co. v. Metropolitan T. & T. Co.* 81 Hun, 453, 31 N. Y. Supp.

213; *Demarest v. Darg,* 32 N. Y. 281; *Gibson v. Nat. Park Bank,* 98 N. Y. 87, 97; *Hogë v. Norton,* 22 Kan. 374;. *Cothren v. Connaughton,* 24 Wis. 134; *Kabe v. The Eagle,* 25 Wis. 108; *Corwith v. State Bank,* 11 Wis. 430; *Bonesteel v. Orvis,* 23 Wis. 506; *Day v. Mertlock,* 87 Wis. 577, 58 N. W. 1037; *Dick v. Williams,* 87 Wis. 651, 58 N. W. 1029.

The order made by the court below restraining the enforcement of the whole judgment pending the action and affirmed by this court was based upon all the facts in the case, including the record in the former action, and constituted the law of the case under repeated decisions of this and other courts.