ZASTROW, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*March 13—April 8, 1924.*

*Judgment: Res adjudicata: Action of infant by guardian ad litem: Dismissal because unreversed judgment in justice's court: Appeal.*

1. Judgment of dismissal of a complaint is *res adjudicata* where it has not been appealed from and stands unreversed. p. 465.
2. A judgment against a guardian *ad litem* dismissing an action for personal injuries on the ground that the plaintiff whom he represents had previously obtained a judgment in justice's court for the injuries, would be only an erroneous judgment, assuming that the justice's judgment was fraudulently procured. The infant's remedy was by appeal under sec. 3039, Stats., and, not having appealed, a new action to set aside the justice's judgment and for personal injuries after reaching majority was barred. p. 465.
3. A judgment not appealed from against a minor by her guardian *ad litem,* dismissing her action for personal injuries on the merits, bars a subsequent new action by the infant after reaching majority. p. 466.

OWEN and CROWNHART, JJ., dissent.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The material allegations of the amended complaint are to the effect that plaintiff arrived at the age of twenty-one

years within a year of the commencement of this action;
that in 1903, when she was about two years of age, she
sustained, through the negligence of the defendant, an in-
jury to both her feet, necessitating their amputation at the
heels, to her damage in the sum of $50,000.    It further
alleges that due notice of injury was served, and that the
defendant falsely and fraudulently represented to her fa-
ther, Herman Zastrow, that plaintiff had no right to recover
because she had no right to be in the street unattended, and
that the negligence of her parents, or of those in whose
care she then was, would be imputed to her and bar a re-
covery, and that like representations were made to her
father as to his right to recover for her care and expenses
caused by the injury as well as diminished earning capacity;
that by reason of such false and fraudulent representations
her father was induced to settle the claims of both for the
sum of $250.    It then alleged that in order to speedily
consummate such fraud the defendant induced Herman
Zastrow to appear in a justice's court, as her next friend,
where issues were made up and defendant admitted liability,
and a judgment for $200 in her behalf was entered and
paid.

Later and on or about June, 1904, a guardian *ad litem*
was appointed for plaintiff and an action was begun in the
circuit court for Milwaukee county to recover damages for
the injuries sustained by her, charging negligence on the
part of the defendant.    The complaint in this action set out
in great detail the fraud practiced upon her in obtaining the
justice's court judgment, but did not pray in terms for its
vacation or that the defendant be enjoined from setting it
up as a defense.    Such justice's court judgment was pleaded
in bar, and the circuit court held it to be a bar on the
ground, as we understand it, that it could not be attacked
collaterally.    No appeal was ever taken from the judgment
of the circuit court dismissing the plaintiff's cause of action
upon the merits.    The present complaint does not allege

that any proof to sustain the claim of fraud in obtaining the justice's court judgment was introduced in the action in the circuit court. The defendant demurred to the complaint, and from an order sustaining the demurrer the plaintiff appealed.

For the appellant there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *A. J. Schmitz.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

VINJE, C. J. We have not set out in detail all the allegations in the complaint that show a cause of action once existing for damages for personal injuries or for fraud in obtaining the justice's court judgment, for we shall assume plaintiff had a cause of action for both. It is not quite clear that the circuit court passed upon the merits of the validity of the justice's court judgment. If we assume that it did, then its decision upon that point is *res judicata* because it has not been appealed from and stands unreversed. If we assume that it did not, as we do, then plaintiff could still maintain an action to restrain the defendant from using the justice's court judgment as a defense. But that would avail the plaintiff nothing, for she is still faced with the judgment of the circuit court dismissing her cause of action for personal injuries upon the merits. It is not claimed in the complaint that the circuit court judgment was obtained by fraud or mistake. That court was advised of all the facts this court now has as to the fraud claimed to vitiate the justice's court judgment. So at best the circuit court judgment was only an erroneous one. The remedy for that was by appeal, and plaintiff being a minor had eleven years in which to take it. Sec. 3039, Stats. 1923. Not having appealed, the judgment dismissing her cause of action for personal injury stands unreversed and is *res judicata* and a bar to her present action. *Stowell v. Eldred,* 26 Wis. 504;

*Crowns v. Forest L. Co.* 102 Wis. 97, 78 N. W. 433; *Balch v. Beach,* 119 Wis. 77, 95 N. W. 132; *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865; *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183; *Zohrlaut v. Mengelberg,* 158 Wis. 392, 148 N. W. 314, 149 N. W. 280; *First Nat. Exch. Bank v. Harvey,* 176 Wis. 64, 186 N. W. 215. Her present action is essentially one to recover damages for personal injuries. The other allegations of the complaint are for the purpose of removing obstacles to her right to such recovery. From what has been said it results that the circuit court judgment, right or wrong, stands as a complete bar to her right to recover, and that an avoidance of the justice's court judgment, to which she may be entitled, would do her no good.

*By the Court.*—Order affirmed.

Owen, J. (*dissenting*). In June, 1904, the plaintiff, by her guardian *ad litem,* brought an action in the circuit court for Milwaukee county to recover damages for personal injuries. The answer set up as a defense the justice's court judgment, mentioned in the statement of facts. At the close of the evidence a motion was made to direct a verdict in favor of the defendant. The complaint in this action alleges that the court dictated and made its decision on said motion and, among other things, stated that "upon the grounds stated in the argument that there is no evidence of negligence justifying the submission of this case to the jury and upon the ground that the testimony shows that the mother of this child was guilty of contributory negligence which should be imputed to the child, the motion is denied. But upon the ground that the judgment recovered in justice's court and pleaded as a bar in this action, the motion is granted." Thereafter, a judgment in form dismissing the action upon its merits was entered. This action is now brought to set aside the justice's court judgment, which constituted a bar to the prior action in the circuit court, and to recover damages for the injuries. The court

now holds that the former judgment of the circuit court constitutes a bar to the recovery of damages in this action.

If the former judgment of the circuit court was in truth a determination upon the merits of plaintiff's cause of action for damages, there can be no question that such former judgment constitutes a bar to the recovery of damages in this action. However, if the former action was disposed of on the theory that the justice's court judgment constituted a bar, then there has never been an adjudication upon the merits of plaintiff's claim.

The former action in the circuit court was not brought for the purpose of restraining the defendant from making use of the justice's court judgment as an estoppel. The complaint in this action discloses that the former action was a pure action at law to recover damages for personal injuries. It is true that there were certain allegations in the complaint to the effect that the justice's court judgment was recovered by fraud. These allegations, however, were entirely superfluous and foreign to the purposes of that action. The complaint contained no prayer for equitable relief. It is said, however, that the issue was tendered because the defendant set up that judgment as a bar in that action, and sec. 2667, Stats., providing that "the allegation of new matter in an answer not pleaded as a part of a counterclaim or of new matter in a reply is to be deemed controverted by the adverse party, as upon a direct denial or voidance, as the case may require," authorized the plaintiff to show that the justice's court judgment was the result of fraud, and authorized the court to grant appropriate equitable relief from said justice's court judgment.

If there is any principle well settled in law, it is that the judgment of a court cannot be collaterally attacked by the parties to it. Third parties may attack it collaterally, but the parties to it may not.

"A collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is

challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio*." 15 Ruling Case Law, p. 838, § 311.

"The term 'collateral attack' as used in this connection is opposed to 'direct.' If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. Such is a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, or any proceeding to review it in an appellate court, whether by appeal, error, or *certiorari,* or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral." 23 Cyc. 1062.

Granting that, as a matter of pleading, the setting up of the justice's court judgment in the answer as a plea in bar, coupled with the provision of sec. 2667, Stats., tendered the issue of the validity of the justice's court judgment, we encounter the other universal rule, that the validity of the justice's court judgment could not be attacked in that action. Any attempt on the part of the plaintiff to avoid the effect of the justice's court judgment in that action was nothing more nor less than a collateral attack. The justice's court judgment was binding on the plaintiff until she was relieved of its consequences in a direct proceeding brought for that purpose. Such relief could no more have been granted in that action than it could be granted in any action where the judgment is offered in evidence without being pleaded for the purpose of sustaining some allegation of the complaint or answer. The court was obliged to accord it its face value and could not escape sustaining the defendant's plea in bar. An appeal from that judgment would have availed plaintiff nothing, because the disposition of the court was right. The judgment having been pleaded as a bar, and the court having no authority or jurisdiction to

relieve the plaintiff of its consequences, it operated as a bar
in that action. However, as the court did not in that action
attempt to pass upon the validity of the justice's court judg-
ment, the judgment in that action does not operate as a bar
to plaintiff's now maintaining a direct action to devitalize
that judgment. This is assumed in the court's opinion and
will not be further discussed.

The real question upon which I find myself out of har-
mony with the decision of the court is that the judgment in
the former action constitutes a bar to plaintiff's action for
damages.

"The rules governing the efficacy of judgments in subse-
quent litigation between parties and privies are well estab-
lished, and may be formulated thus: In a second litigation
between the same parties or privies upon the same cause of
action, the judgment is absolutely final as to their rights in
that cause of action as to all things, not only those which
were in fact litigated and decided by the court, but also
those which might have been so litigated and decided. On
the other hand, in a subsequent litigation between the same
parties or their privies upon a different cause of action, the
judgment is only conclusive as to those issues which were
in fact adjudicated. To ascertain what those issues were,
we may examine the proceedings, or extrinsic evidence may
be considered." *Grunert v. Spalding,* 104 Wis. 193, 213,
214, 80 N. W. 589.

This case may be considered a second litigation between
the same parties upon the same cause of action, namely, to
recover damages for personal injuries. In this action the
judgment in the former action is conclusive not only upon
those issues which were in fact litigated and decided by the
court, but also those which might have been so litigated and
decided.

When we turn to the pleadings in the former case, how-
ever, we find a plea in bar interposed as a defense. We
are at once confronted with the fact that if this plea in bar
was sustained there could have been no adjudication upon

the merits.    So we have a situation where it cannot be said from an examination of the pleadings that the merits of the case might have been litigated in that action.    Justice would seem to require that the record be examined for the purpose of ascertaining whether the former action was disposed of upon the merits or upon the plea in bar.    Under such circumstances, an examination of the proceedings for the consideration of extrinsic evidence should be permitted, in order that it may be ascertained whether there has been an adjudication upon the merits of the case.    If the allegations of the complaint be true, then such an investigation will disclose that the court sustained the plea in bar to the former action, thereby preventing an adjudication upon the merits of the controversy.    I therefore reach the conclusion that the former action constitutes no bar to the present action, and that the demurrer to the complaint should have been overruled.

I am authorized to state that Mr. Justice CROWNHART concurs in these views.