ESTATE OF NEITMAN: PROCHNOW and others, Appellants,
vs. NEITMAN, Respondent.

*April 7—June 20, 1927.*

*Specific performance: Agreement for conveyance after vendor's
death: Credits on purchase price: Appeal: Objection not
raised below.*

1. A written agreement between a father and his son providing
   for continued possession by the son of the father's farm, re-
   cited to be worth $7,000, and for the son's purchase thereof,
   after the death of the survivor of the parents, by paying cer-
   tain legacies to other children and to grandchildren, amount-
   ing to $4,000, and reciting that the father had on the same
   day made a will leaving $3,000 to the son, is valid, definite,
   and capable of enforcement according to its terms, without
   considering the effect of a subsequent revocation of the fa-
   ther's will. p. 308.
2. Under such written agreement, requiring the son, on demand
   of the father, or of the mother after the father's death, to
   pay any sum in addition to legacies, not exceeding $7,000, the
   right to demand such excess payments was personal and did
   not survive the death of the surviving parent. p. 309.
3. Since the agreement required the father to pay the taxes during
   his lifetime, taxes paid by the son, on the failure of the father
   to do so, were deductible from the gross price payable by the

son, notwithstanding the absence of an express demand by the father on the son to make such payments, the father's failure to pay taxes which must be paid being equivalent to a formal demand on the son to do so.  p. 310.

4. A credit in the sum of $3,000 on the purchase price of the farm being in the nature of a distribution to the son of part of the father's estate, and being mentioned in a contemporaneous will, should share proportionately with amounts given to others to discharge the obligations and expenses of the estate. p. 310.

5. An objection to the allowance of petitioner's reasonable expenses in his application to have the father's executor convey the father's farm to him under the contract, not raised at the hearing nor by exceptions thereafter, is too late when raised for the first time on appeal.  p. 310.

APPEAL from an order of the county court of Dodge county: E. H. NABER, Judge.  *Modified and affirmed.*

Respondent's petition to have conveyed to him by the executor of the estate, upon a designated payment, certain real estate pursuant to a land contract with the deceased, was granted, and the sum of $53.75 allowed for his expenses.

The deceased George Neitman and his son, the respondent *Charles H. Neitman,* made a written agreement concerning a farm of about one hundred and nine acres.

The provisions and recitals material here were as follows:

That the son had been in possession of said land since October 1, 1899; that it was of the value of $7,000; that the father had on the same day, February 17, 1900, made his will bequeathing to the said son $3,000 and to other of his children and grandchildren sums aggregating $4,000, making $7,000 in all, which bequests shall be paid by said son within six months after the decease of both the father and his wife; that the son shall pay $175 each April 1st and October 1st to the father during his lifetime, and the same to the mother if she survive the father; that such payments are understood to be the semi-annual interest on $7,000 at five per cent. and to be for the rent of said land.

The son was, at his own expense, to keep the buildings insured in the name of the father; to rebuild any of the buildings that might be injured or destroyed by fire or wind, and keep such buildings and the fences in good repair. The father was to pay the taxes. It also required that the son should, on demand by the father, or by the mother after the father's death, at any time during the respective lives of the parents, pay any sum or sums that may from time to time be so demanded in addition to the payments before recited, not exceeding in all, however, the sum of $7,000. Such excess payments, if so demanded and paid, shall be deducted *pro rata* from the amounts provided to be paid by the son in fulfilling the bequests made by the father in said last will.

The son should remain in possession until the death of the survivor of the parents as tenant by sufferance, subject to be removed by process under the statute for failure to perform any of the conditions and covenants in said agreement contained.

After the death of the survivor of said parents the land shall on demand be conveyed to the son by proper conveyance by the executor named in said last will of the father if the said son shall have fully performed all the provisions of said contract by him to be performed and shall have paid the aforesaid bequests.

This was executed and acknowledged by both.

The will duly executed by the father as of the same date provided that after the death of the wife the executor is empowered, authorized, and directed to convey the said farm to the said son for the sum of $7,000 to be paid to the executor, provided, however, that if the son shall pay sums in excess of the aforesaid $350 per year to be paid as rent, then such excess sums to be deducted.

It also provided that from the money received from the sale of said farm there was given to the said son, *Charles H.*

*Neitman,* $3,000, and $4,000 to other children or grandchildren.

The evidence discloses that the son remained in possession, paying the agreed sum annually to the father, who survived his wife. The father paid the taxes on the farm up to and including the taxes for 1918; taxes for the years 1919 to 1925, both inclusive, were paid by the son, aggregating $1,319.46.

September 29, 1914, George Neitman made a will, subsequently admitted to probate, revoking former wills and giving to the son *Charles H.* the sum of $5 (instead of $3,000 as in the former will), and the same farm above referred to, subject, however, among other things, to the payment by him to the estate, within six months after date of the father's death, the sum of $7,000, made a specific charge upon said farm.

The trial court directed the executor to convey the said farm to *Charles H. Neitman* upon payment to the executor of $2,680.54, arrived at by deducting from the $7,000 the above mentioned $3,000, together with the $1,319.46 paid for taxes. The order also gave the petitioner the reasonable expenses, fixed at $53.75, for his application for such conveyance.

From such order certain legatees appeal.

For the appellants the cause was submitted on the brief of *Eugene A. Clifford* of Juneau.

For the respondent there was a brief by *Hooker & Hooker* of Waupun, and oral argument by *E. W. Hooker* and *C. E. Hooker.*

ESCHWEILER, J.    The written agreement between the father and son in February, 1900, providing for the continued possession of the farm then owned by the father and occupied by the son and for its purchase by the son after the death of the survivor of his parents, was valid, definite,

and capable of enforcement from and by its own terms, and it is unnecessary, therefore, to consider as affecting it the terms of the will of the same date and its revocation by the subsequent will. *Doyle v. Fischer,* 183 Wis. 599, 606, 198 N. W. 763.

Though the contract declared the value of the farm to be $7,000, yet it also clearly. provided that the cash purchase price to be paid by the said son was in no event to be more than such sum and might be considerably less. Until the death of the survivor of the parents there existed a liability on the part of the son to pay, on demand, certain sums in excess of the agreed annual rental value of the farm, the totals, however, not to exceed $7,000. No demand by the father pursuant to such condition was shown to have been made. Under this land contract the $3,000 credit to the son upon the purchase price was only to be diminished or destroyed upon the desire of the father or the mother, she him surviving, for more money any one year than the $350 so required to be paid. Not only must there have been a desire for more than that fixed annual payment, but such a desire must have been followed by a demand therefor upon the son. In the absence of such demand no obligation arose on the part of the son to make any such payments. The possibility of such desire and such demand ceasing on the father's death in December, 1925, there could thereafter arise no obligation of the son to pay any part of the $3,000 to any other than himself.

This right to have excess payments was purely personal in the father and entirely optional on his part; if he did not choose to exercise it no one else could or can. The son, therefore, having fully performed during the lifetime of the parents all of the conditions and covenants required of him under said contract, was entitled, as against the executor of the estate and the others interested, to have conveyance made to him pursuant to the terms and conditions of the said con-

tract and therefore subject to the allowance or deduction of the $3,000 from the $7,000.

The item of $1,319.46 for taxes paid by the son was also properly allowed as a deduction from the gross price. Though there is no evidence in the record of any express demand made by the father upon the son to advance the tax payments, and no proof offered on the hearing in that regard, yet such payments of the taxes were advances made by the son to take care of the expressed obligation by the father that the latter should advance them. The absolute necessity for their payment and the failure of the father to pay were the equivalent of a formal demand upon the son to pay them.

A further contention is made by appellants that the granting of the relief as prayed for by the petitioner relieves him from his proportionate liability for the expenses of the administration of the estate of the deceased and therefore contrary to what, it is claimed, was the spirit, if not the letter, of the agreement and the will of 1900. The $3,000 item as it was described both in the contract and in the contemporaneous will of 1900 was of such a nature that it should, if necessary, share proportionately with the other gifts in order to discharge such obligations or expenses in the estate as are made by law paramount charges and ahead of any gifts.

The order, therefore, must be modified by subjecting, if necessary, the allowance of $3,000 to the son *Charles H.* to his proportionate share of the expenses of the administration.

Appellants complain of the allowance by the court below of $53.75 as and for reasonable expenses of *Charles H. Neitman* in his application to have the executor convey the real estate to him. The record is silent as to any objections to such at the hearing or of exceptions being thereafter filed by any one. No good grounds are now presented why

such item was not properly allowed, and even were such objection well founded it was not timely made and must be disregarded.

*By the Court.*—Order modified as indicated in the opinion. Appellants to pay costs.