BOROSICH, Respondent, vs. METROPOLITAN LIFE INSUR-
ANCE COMPANY, Appellant.

*September 14—December 6, 1927.*

*Insurance: Accident policy: Res adjudicata: Questions raised on
former appeal: That loss was within policy: Question for
jury: Cause of injury.*

1. All questions properly before the court for consideration on a
   former appeal are *res adjudicata* in a subsequent appeal in
   the same case.  p. 290.
2. In an action to recover on an accident insurance policy, a deci-
   sion of the supreme court that the proof of loss established
   that the claim was within the terms of the policy, and that
   the admission of testimony of pathologists who performed
   a post-mortem on the body of the deceased insured was
   proper, constituted the law of the case, and these questions
   cannot be raised in a second appeal.  pp. 290, 291.
3. The question whether the sustaining of a fracture of certain
   vertebræ and the compression of the spinal cord directly and
   independently of all other causes resulted in the death of
   the insured within the policy, is *held,* under the evidence,
   sufficient to take the case to the jury.  p. 292.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge.  *Affirmed.*

This case was here on a former appeal, and will be found
reported in 191 Wis. 239, 210 N. W. 829.  A full statement
of facts is there found.  The special verdict of the jury was:
That at the time of his death Lorenz Borosich was not suf-
fering with delirium tremens; and that the sustaining of a
fracture of the first lumbar and twelfth dorsal vertebræ
and compression of the spinal cord directly and independ-
ently of all other causes resulted in the loss of Lorenz Boro-
sich's life on August 21, 1924.  Judgment was entered there-
on for the plaintiff.

Defendant appealed and assigned as errors: That the court
erred in admitting any evidence offered by the respondent
for the purpose of proving that the death of Lorenz Boro-

sich was proximately caused by any causes other than the ones designated in the proof of death; in permitting the introduction of any evidence in proof of the death of insured, for the reason that no due proof of loss had been given to the appellant under the provisions of the policy; in admitting any evidence of the post-mortem examination of March 10, 1926; in denying appellant's motion for a nonsuit at the conclusion of respondent's case; in denying appellant's motion for a directed verdict upon the conclusion of the testimony; in denying appellant's motion for judgment notwithstanding the verdict; in denying appellant's motion for a new trial; and in directing judgment upon the verdict against the respondent.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, and oral argument by *Mr. Stebbins* and *Mr. Raymond J. Moore,* all of Milwaukee.

For the respondent there was a brief by *L. A. Zavitovsky* and *Glicksman & Gold,* all of Milwaukee, and oral argument by *Walter L. Gold.*

The following opinion was filed October 11, 1927:

CROWNHART, J.  This case was here on a former appeal (191 Wis. 239, 210 N. W. 829).  All questions there properly before the court for consideration are now *res adjudicata.  Foster v. Rowe,* 132 Wis. 268, 111 N. W. 688; *Lutien v. Kewaunee,* 151 Wis. 607, 139 N. W. 312; *Zohrlaut v. Mengelbèrg,* 158 Wis. 392, 148 N. W. 314, 149 N. W. 280.

The appellant now claims that the proof of loss establishes the fact that respondent's claim is not within the policy and hence there is no cause of action.  By reference to the records on the former appeal and the report of the case, it is clearly apparent that that controversy was litigated on the

former appeal, decided adversely to the appellant, and is now foreclosed.

The appellant now takes exception to the admission of the testimony of the pathologists who made a post-mortem on the body of the deceased. This matter also was considered on the former appeal, decided contrary to appellant's contention, and that decision is the law of the case.

The only contention of the appellant now to be considered is whether the evidence supports the verdict of the jury. The evidence is too extensive to be considered in detail, nor is it necessary to do so. Briefly, the facts may be summarized as follows:

The appellant carried a policy of insurance on the deceased covering injuries and resulting death "caused directly and independently of all other causes by violent and accidental means." The deceased had an accident resulting in total disability for a period of twenty-one months, for which appellant compensated him under its policy; deceased then went to Marquette Hospital, Milwaukee, for treatment for a strangulated hernia; an interne took a history of the patient, in writing, in which, among other things, he said the patient's breath smelled of liquor, but on the trial witness testified that the patient was drunk; the patient was successfully operated for the hernia, and the evidence squarely controverted as to whether the hernia and the operation therefor were contributing causes of the patient's subsequent death three days later; the patient soon after the operation developed symptoms similar to those of delirium tremens, which continued until his death; the testimony of respondent's expert pathologists was to the effect that the symptoms described were entirely consistent with delirium resulting from pneumonia; nineteen months after the death and burial of the insured his body was exhumed and a post-mortem conducted thereon by two eminent pathologists in behalf of

the respondent; the result of this post-mortem was testified to on the trial by such pathologists; they found the lungs congested, indicating death by pneumonia, and the condition of the other organs of the body was found consistent with such cause of death; they testified that the accidental injuries received by deceased, in the first place causing a fractured spine and resulting in partial paralysis of the lower part of the body, were such as to eventually cause death by pneumonia; an expert witness for appellant confirmed this view, and to a hypothetical question propounded by appellant's counsel testified that, prior to the rupture trouble, deceased's expectancy of life "was rather favorable for some short period at least; a few weeks or months;" it was conceded by professional witnesses that delirium tremens could only be caused by chronic alcoholism; respondent's pathologists found no evidence of chronic alcoholism on the post-mortem; there was no evidence of the insured being addicted to the use of alcoholic liquors; on the contrary, his immediate associates testified that he was not so addicted, but was temperate; it was the opinion of respondent's experts that deceased had developed pneumonia two days at least before he went to the hospital; they were positive that deceased did not have delirium tremens and that pneumonia, resulting directly and solely from the accident which caused a broken back, was the exclusive cause of death.

We consider that the evidence was sufficient to take the case to the jury.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, without costs, on December 6, 1927.