ESTATE OF NEITMAN : PROCHNOW, Appellant, vs. NEITMAN, Respondent.

*January 9—February 5, 1929.*

For the appellant there was a brief by *Eugene A. Clifford* of Juneau and *Grady, Farnsworth & Walker* of Portage, and oral argument by *W. H. Farnsworth*.

For the respondent there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker*.

For the administrator *de bonis non* there was a brief by *Chr. A. Christiansen* of Juneau.

CROWNHART, J. This case was here before, *Estate of Neitman*, 193 Wis. 305, 214 N. W. 345. All questions there decided are the law of the case. *Borosich v. Metropolitan Life Ins. Co.* 194 Wis. 289, 215 N. W. 575. On that appeal it was held that the contract between Charles Neitman and his father was "valid, definite, and capable of enforcement from and by its own terms." That contract was entered into long before the indebtedness of the father to his daughter, which claim of the daughter was allowed by the county court and here sought to be made a prior charge to respondent's claim under such valid contract.

The only ground upon which this appeal can prevail, if at all, is on the construction of that part of the former decision wherein it was said:

"The order, therefore, must be modified by subjecting, if necessary, the allowance of $3,000 to the son Charles H. to his proportionate share of the expenses of the administration."

That language, it would seem, is definite and its meaning plain. If it were not, the situation calling it forth would clarify it contrary to appellant's contention. The respondent had a prior claim under his contract, which could not be subjected to later claims, but respondent was interested in the administration of the estate in order to clear his title to his land, conveyed to him by virtue of the contract, and for that reason was required to pay his proportionate share of the expenses of administration, as a matter of equity.

The orders of the county court were in conformity with our decision on the former appeal.

*By the Court.*—The appeal is dismissed, with costs to the respondent.