PIERNER, Plaintiff and Respondent, vs. MANN and others,. Defendants and Respondents: MILWAUKEE AUTOMOBILE INSURANCE COMPANY, LTD., MUT., and another, Defendants and Appellants.

*June 11—July 1, 1947.*

*D. J. Regan* of Milwaukee, for the appellants.

For the respondent Myrtle E. Pierner there was a brief by *Alvin L. Zelonky* and *Gold & McCann,* all of Milwaukee, and oral argument by *Mr. Ray T. McCann* and *Mr. Zelonky.*

For the respondents Jack Mann and Fidelity & Casualty Company of New York there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee.

BARLOW, J.    The material facts are the same as those presented at the former trial, and will be found fully set forth in 249 Wis. 469, 473, 474, 25 N. W. (2d) 83.  Appellants contend there is no credible evidence to support the jury finding of negligence with respect to control and management of the automobile by Walter J. Pierner.  The former judgment was reversed and remanded for a new trial because the issues as to Pierner's actionable negligence were not properly submitted to the jury.  The question of whether there was credible evidence to support the jury finding that Pierner was guilty of actionable negligence was fully argued before this court at that time, and the court said:

"In the absence of a proper instruction in this respect the verdict is insufficient to support a judgment against Pierner or for contribution and there must be a new trial as to his negligence, unless the evidence would not, under proper instructions, support a finding of negligence by him as to control of the car."    (p. 473.)

After discussing the facts fully the court went on to say:

"On such facts we consider that the jury would have been warranted in finding Pierner negligent as to control of his car, under proper instructions as to his duty and as to his right in an emergency to take action that seemed to him likely to avoid a collision. They might also from these facts have found that Pierner was in an emergency not caused or contributed to by his own negligence and that he acted pursuant to his honest and conscientious judgment. The question was for the jury to decide." (p. 474.)

Appellants now urge that cases cited and relied upon by them were not distinguished in the former opinion and therefore ask that we again consider them. This is equivalent to asking for a rehearing on the former decision, which cannot be granted. That decision determined the law of the case and an extended opinion distinguishing cases relied upon by appellants would not change the result, as the ruling upon our first review was taken deliberately and considerately after a full examination of all cases cited by appellants. *Georgeson v. Nielsen* (1935), 218 Wis. 180, 260 N. W. 461; *Borosich v. Metropolitan Life Ins. Co.* (1927) 194 Wis. 289, 215 N. W. 575; *Estate of Neitman* (1929), 198 Wis. 127, 223 N. W. 558; *Pabst Corporation v. Milwaukee* (1927), 193 Wis. 522, 213 N. W. 888, 215 N. W. 670; *Foster v. Rowe* (1907), 132 Wis. 268, 111 N. W. 688; *Lutien v. Kewaunee* (1913), 151 Wis. 607, 139 N. W. 312; *Zohrlaut v. Mengelberg* (1914), 158 Wis. 392, 148 N. W. 314, 149 N. W. 280.

We have examined the assignments of error claimed by appellants as to evidence received and rejected by the court and find they were not presented to the trial court for review, and we find no occasion to review them on this appeal. *Cappon v. O'Day* (1917), 165 Wis. 486, 490, 162 N. W. 655; *Schweitzer v. Doepke* (1928), 195 Wis. 341, 343, 218 N. W. 188; *In re Builders Mut. Casualty Co.* (1938) 229 Wis. 365, 374, 282 N. W. 44, 282 N. W. 504.

*By the Court.*—Judgment affirmed.