Wisconsin Electric Power Company, Appellant, vs.
City of Milwaukee, Respondent.*

*March 8—April 3, 1956.*

* Motion for rehearing denied, with $25 costs, on June 5, 1956.

For the appellant there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *John F. Zimmermann* of counsel, all of Milwaukee, and oral argument by *Mr. Zimmermann.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ralph J. Chmurski,* assistant city attorney, and oral argument by *Mr. Chmurski* and by *Mr. Ewald L. Moerke, Jr.,* assistant city attorney.

BROWN, J.    The amended complaint does not differ in any material respect from the original complaint, nor does appellant contend that it does. It presents to us the identical issue which we considered and determined in *Wisconsin Electric Power Co. v. Milwaukee* (1953), 263 Wis. 111, 56 N. W. (2d) 784. The reason for this appeal appears to be that, since

the first one, the supreme court of the United States has considered once more the sufficiency of notice given by publication and in *New York v. New York, N. H. & H. R. Co.* (1953), 344 U. S. 293, 73 Sup. Ct. 299, 97 L. Ed. 333, has affirmed and somewhat strengthened the principle it announced in *Mullane v. Central Hanover B. & T. Co.* (1950), 339 U. S. 306, 70 Sup. Ct. 652, 94 L. Ed. 865 (referred to in our former opinion, 263 Wis. 111, 112), namely, that when more-certain means of communication are reasonably available, notice by publication is insufficient to meet the demands of due process of law. In effect, appellant does no more than to ask us to reconsider, in the light of this more-recent authority, our previous decision that the notice of special assessments given by the city by publication did not offend constitutional requirements.

For many years, beginning almost with the creation of this court, we adhered strictly to the principle that an issue once thoroughly considered and determined was settled for the purposes of the action in which the determination was reached, beyond the court's power to alter it. Then, in *McGovern v. Eckhart* (1929), 200 Wis. 64, 227 N. W. 300, the court, through Mr. Justice ESCHWEILER, exhaustively reviewed the earlier decisions bearing upon "the law of the case" and announced a departure from the former hard and fast rule, to wit:

"The rule of the 'law of the case,' as heretofore established and strictly followed in this jurisdiction, is now and for the future modified so as to permit the correction of error made by the supreme court on a former appeal in the same case whenever for cogent, substantial, and proper reasons the court is convinced that the prior ruling in the particular case ought not to stand as the law of that case and other cases." Headnote 1.

We have thus said that the application of the rule of "the law of the case" is discretionary with this court. We have

not said that the rule is abolished, nor do our later-decisions lead to that conclusion.

In *Pierner v. Mann* (1947), 251 Wis. 143, 145, 28 N. W. (2d) 309, we said:

"Appellants now urge that cases cited and relied upon by them were not distinguished in the former opinion and therefore ask that we again consider them. This is equivalent to asking for a rehearing on the former decision, which cannot be granted. That decision determined the law of the case and an extended opinion distinguishing cases relied upon by appellants would not change the result, as the ruling upon our first review was taken deliberately and considerately after a full examination of all cases cited by appellants."

Even more recently, in *Pick Industries, Inc., v. Gebhard-Berghammer, Inc.* (1953), 264 Wis. 353, 355, 59 N. W. (2d) 798, we said:

"However, we feel this is a proper situation for application of the rule of the 'law of the case.' This court, having already determined on the prior appeal that the arbitration proceedings were statutory, Pick Industries, Inc., is thereby precluded on this appeal from again raising the same question."

The question now presented to us for the third time in this action received thorough consideration upon the first appeal and the motion for rehearing. Under the circumstances, the decision automatically following from the equal division of the appellate court has little weight as a precedent in other cases; but a decision, even by a divided court, ought at some stage to attain stability for the duration of the action in which it was rendered. We think that stage was reached in the motion for rehearing the original appeal. We consider that when that motion was denied, the sufficiency of the published notice became the law of the case and the question is not to be repeatedly reargued and reconsidered in the subsequent stages of the litigation.

*By the Court.*—Judgment affirmed.