MILLER, Defendant and Respondent, vs. KUJAK and others, Defendants and Appellants: MOORE MOTOR FREIGHT LINES and another, Defendants and Appellants.*

*December 5, 1956—January 7, 1957.*

* Motion for rehearing denied, with $25 costs, on March 5, 1957.

For the appellants Kujak, d/b/a Walske Transfer, there was a brief by *Engelhard, Snodgrass & Goerdt* of La Crosse, and oral argument by *Lawrence M. Engelhard.*

For the appellants Bruce Dodson and Moore Motor Freight Lines there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondent there was a brief by *Bosshard & Arneson* and *Hale, Skemp, Neitsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp* and *Phillip G. Arneson.*

BROWN, J. Miller had intended to turn into a farm driveway which led off the highway to his right. He knew of the presence of the overtaking truck and its rapid approach and remarked to his wife that he must give it plenty of room. For him to make the turn into the driveway it was necessary for him to come onto the concrete in order

to create a wider turning circle. He contends that he had not left the shoulder or entered the concrete strip when he was hit. What we said at page 229 of the earlier opinion is true under the evidence in the second trial.

"The two versions were irreconcilable and the jury had to choose one or the other. When the accident happened either the car was completely on the shoulder, as Miller and his witnesses testified, or it was coming from the shoulder onto the highway, as Kujak testified and as is consistent with Jaster's testimony."

A finding of causal negligence of the respective parties depends entirely on where the collision took place. If Miller remained on the shoulder Kujak, driver of the semitrailer, must have left the concrete traveled portion in order to hit him. In that event there is no evidence to support an apportionment of any negligence against Miller. But if, under these circumstances, Miller left the place of safety on the shoulder and came onto the concrete directly in front of the overtaking vehicle, his negligence as a matter of law was greater than that of the other driver. It is not so in every collision case but on the record here liability must be determined according to the place where the collision occurred. That being known, the answers except as to damages will be reached as matters of law.

The trial court did not ask the jury where the collision occurred. Respecting Kujak, it asked the usual questions and the jury found him guilty of causal negligence in speed and management and control. As to Miller, the special verdict had these questions and answers:

"3. . . . was Carlet Miller negligent in the operation of his automobile in any of the following respects?
"(a) With respect to lookout?
"Answer: No.
"(b) With respect to management and control?
"Answer: Yes.

"(c)  With respect to swerving to the left from the shoulder to the concrete?

"Answer: No."

The "management and control" negligence was found to be causal.

Questions (b) and (c) are clearly duplicitous. Moreover, question (c) with its answer forms a negative pregnant which we are unable to interpret except by speculation. Did Miller leave the shoulder and come onto the concrete? The answer determines the issue of liability, but what is the jury's answer? Learned counsel for Miller realized the difficulty when, addressing the trial court, he was trying to keep this question out of the special verdict, thus:

"I likewise feel in asking the questions in this way when you ask management and control, that involves what he did in the operation of his car. And the matter of turning in or whatever he did, is a matter within the question of management and control and furthermore, putting in a question such as this with respect to swerving to the left from the shoulder to the concrete, assumes a fact which is highly in dispute, which is contrary to the contentions of the plaintiff that he did swerve and by the nature of the question in my opinion implies that the court has concluded that he did so swerve to the left from the shoulder to the concrete. *Supposing they answer that 'No,' they merely say he was not negligent if he did it, but you could still imply that he did it."* (Italics ours.)

As we have already said, if he did it, Miller was causally negligent, and more than 50 per cent so, and the jury's answer "No" to question (c) has no support in the evidence. Furthermore if, by answering question (c), the jury meant that he did not come onto the concrete, negligently or otherwise, the evidence does not support the answer to question (b), nor the answer attributing 25 per cent of negligence to Miller. If he remained on the shoulder and was struck there

he was not negligent at all. When motions were made after verdict the trial court attempted this reconciliation:

"It seems to the court that the jury by its verdict found that Miller was not negligent by virtue of the fact that he swerved or turned out but that he was negligent in the manner in which he did it—the time, the extent of the turn or swerve and, in fact, the management and control of his car. The jury, in the court's opinion, meant by its finding that Miller was not negligent in attempting to swerve or make a turn so as to enter a side road which formed an acute angle with the main highway but that the *time* of doing it and the *manner* in which he did it constituted negligence."

If the court was right in its interpretation of the verdict,—and we agree that such swerving is management and control,—question (c) should not have been asked. As we have said, under this interpretation Miller's negligence was more than half the total causal negligence as a matter of law. But if the court has misinterpreted the answer to question (c) and the jury actually meant to find that Miller did not swerve onto the concrete (and its answer may be so interpreted, that is the difficulty with negatives pregnant) then, as a matter of law he was guilty of no causal negligence.

Because of the ambiguities raised by question (c) we are uncertain of the true intent of the jury as expressed in the verdict. Thus we are unable to determine that plaintiff's complaint must be dismissed on the theory that at the last moment Miller came onto the concrete; and we are equally unable to hold that judgment for his damages without reduction for comparative negligence must be given him on the theory that he was struck while on the shoulder. Accordingly, we must remand the cause for a new trial on the issue of causal negligence.

Between themselves the defendant truckers and their insurers raise an issue of ultimate liability among defendants if plaintiff obtains judgment. Since plaintiff has not succeeded in doing so, we defer consideration of that problem.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on all issues between Miller and the appellants except damages.

The following memorandum was filed on March 5, 1957:

PER CURIAM (*on motion for rehearing*). Motion for rehearing denied with $25 costs. The recitation in the opinion's statement of facts that the jury found Kujak guilty of causal negligence in respect to speed is erroneous. He was found guilty of negligence in that respect but that negligence was not causal. The error does not affect the result but the correction is noted.

The mandate is amended to read: Judgment reversed, and cause remanded for a new trial on all the issues except damages.