MILLER, Respondent, vs. KUJAK and others, Appellants.*

*April 8—May 6, 1958.*

* Motion for rehearing denied, with $25 costs, on June 26, 1958.

For the appellants Kujak, d/b/a Walske Transfer, there were briefs by *Engelhard, Snodgrass & Goerdt* of La Crosse, and oral argument by *Lawrence M. Engelhard.*

For the appellants Bruce Dodson and Moore Motor Freight Lines there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondent there was a brief by *Hale, Skemp, Hanson & Schnurrer* and *Philip G. Arneson,* all of La Crosse, and oral argument by *Mr. Thomas H. Skemp* and *Mr. Arneson.*

WINGERT, J. *Appeals from Miller's judgment.* All of the defendants challenge the judgment in favor of Miller on the ground that the jury's finding that Miller's car was on the shoulder of the road at the time of the collision is not sustained by credible evidence. The main argument is that the positive testimony of Mr. and Mrs. Miller that their car was wholly on the shoulder when it was hit is rendered incredible as a matter of law by undisputed evidence of physical facts, principally the presence of debris entirely on the pavement, absence of tire marks of Kujak's heavily loaded truck on the gravel shoulder of the road east of the point of impact, and existence of tire marks west of the point of impact and

appearing to lead from the pavement to the place where the truck came to rest.

We cannot consider the merits of this line of argument on this third appeal, because our decisions on the two prior appeals establish it as the law of the case that the location of the Miller car at the moment of impact was a question for the jury.

On the first appeal we summarized the conflicting testimony as to whether Miller was on the shoulder or on the pavement at the moment of collision, and said "The two versions were irreconcilable and the jury had to choose one or the other." *Jaster v. Miller,* 269 Wis. 223, 229, 69 N. W. (2d) 265. The first jury accepted the version testified to by Kujak and Jaster, that Miller came onto the highway from the shoulder in front of the truck, and we commented that the presence of the debris on the concrete tended to support that finding (269 Wis. at p. 231) ; but we nevertheless treated the location of Miller's car as a jury question.

On the second appeal we again adverted to the conflict in the evidence as to whether Miller was on the shoulder or on the concrete, and said that it was again true that the two versions were irreconcilable and that the jury had to choose one or the other. *Miller v. Kujak,* 274 Wis. 370, 372, 80 N. W. (2d) 459, 81 N. W. (2d) 569. We sent the case back for a third trial on the issue of negligence because the jury's verdict was duplicitous and contained a negative pregnant rendering it ambiguous, and we stated that liability must be determined according to the place where the collision occurred. (274 Wis. at p. 372.)

Thus on both appeals it was held that the position of Miller's· car, whether on the shoulder or on the pavement, was a question to be determined by the jury. Those decisions established the law of the case to that effect. *Pierner v. Mann,* 251 Wis. 143, 145, 28 N. W. (2d) 309; *Williams v. Monroe County,* 271 Wis. 243, 244, 73 N. W. (2d) 501.

There was no material difference between the evidence adduced on this question at the third trial, and that contained in the record on the previous appeals. It follows that it is no longer open to appellants to contend that the physical facts so conclusively refuted the testimony of the Millers that there was no evidence to go to the jury, or to sustain the verdict, that Miller's car was wholly on the shoulder at the moment of impact.

The judgment in favor of Miller must therefore be affirmed.

*Walske Transfer's appeal.* The trial court held that Dodson, insurance carrier of Moore Motor Freight Lines, was entitled to recover from Walske Transfer any amount he might pay on Miller's judgment, and judgment was entered accordingly. In this we think the court was in error.

The offending truck was owned by Walske Transfer, a partnership of which the negligent driver Martin Kujak was a partner. At the time of the accident it was under lease to Moore Motor Freight Lines, a common motor carrier, which we shall refer to as Moore. The parties are in disagreement as to whether the lease in effect at the time of the accident, September 15, 1951, was a one-year lease dated January 2, 1951, or a lease dated May 12, 1951, for the balance of the year 1951, which is claimed to have superseded the January 2d lease. In the view we take of the case it is unnecessary to determine whether or not the earlier lease had been superseded by the later one. Under either lease the truck in question and others were leased to Moore for Moore's use in carrying freight. Walske was to maintain the vehicles in good working condition, furnish a driver, pay all operating expenses, and carry insurance against collision, fire, and theft. As its compensation, Walske was to receive 78 per cent of the gross revenue obtained by Moore from transportation in the leased equipment. In neither lease did Walske agree to reimburse Moore's insurance carrier for damages it might

have to pay as a result of negligent operation of a leased vehicle.

Pursuant to one or the other of these leases, Martin Kujak was engaged at the time of the accident in hauling a load of steel for Moore in one of the leased vehicles. We find it unnecessary to decide whether he was an employee of Moore or Walske. In such operations Moore's liability to persons injured by the negligent operation of the leased vehicles was insured by Dodson, as attorney in fact for subscribers at Casualty Reciprocal Exchange, an insurance company.

Dodson's contention, which the trial court adopted, is that he insured only Moore Motor Freight Lines, and that if and when he pays Miller's judgment against Moore and himself, he will thereby become subrogated to Moore's and Miller's rights against the tort-feasor Kujak, whose negligence caused the damage, and against Walske Transfer, the partnership of which Kujak was a partner and, according to Dodson, also an employee.

This contention must fail, however, for the reason that the tort-feasor Kujak was an additional insured under the insurance policy issued by Dodson, and it is settled law in this state that an insurer cannot recover by right of subrogation from his own insured. *Culver v. Webb,* 244 Wis. 478, 491, 12 N. W. (2d) 731. See also *Builders & Mfgs. Mut. Casualty Co. v. Preferred Automobile Ins. Co.* (6th Cir.), 118 Fed. (2d) 118, 122; *American Automobile Ins. Co. v. Powers,* 291 Mich. 306, 312, 289 N. W. 170, 172.

That the driver Kujak enjoyed the status of an insured under the policy issued by Dodson to Moore follows, we think, from the following facts:

Attached to the insurance policy and made a part thereof was an indorsement containing the following provision:

"This policy is issued in order to assure compliance by the assured as a common motor carrier of property . . . with sec. 194.41, Wisconsin statutes, and notwithstanding any

provisions to the contrary herein contained, all of the coverage . . . required by said sec. 194.41, Wisconsin statutes, is hereby provided to the assured with respect to the operation of each of the vehicles . . . described."

Sec. 194.41 (1), Stats. 1951, which was in effect when the policy was issued and on the date of the accident, provided in part that no common motor carrier should operate without filing a bond or policy of insurance with not less than specified limits, which "shall provide that the indemnitor shall be directly liable for and shall pay all damages for injuries to persons or property that may be recovered against the owner or operator."

Therefore, notwithstanding other provisions in the Dodson policy which, standing alone, might be effective to limit coverage to Moore alone, the policy is to be construed as providing that Dodson shall be directly liable to pay damages recovered against the owner or operator of the insured vehicle, and thus to insure both owner and operator.

The term "operator" as used in sec. 194.41 (1), Stats. 1951, includes not only the common carrier Moore but also the driver Kujak. *Rusch v. Mielke,* 234 Wis. 380, 291 N. W. 300. Thus construed, the statutory provision is in harmony with the general omnibus provisions of sec. 204.30 (3).

In reaching the conclusion that Kujak is an "operator" and hence an additional insured under the Dodson policy, we do not overlook the words "to the assured" in the policy indorsement providing that all coverage required by sec. 194.41, Stats., "is hereby provided *to the assured* with respect to the operation of" the described vehicles. In its context, the expression "to the assured" must be construed to mean for the benefit of the assured, so that it may lawfully operate in Wisconsin; but not to negative the clear requirement of sec. 194.41 (1), Stats. 1951, that the insurance must cover the operator.

For the reasons thus summarized we hold that the driver Martin Kujak was an insured under the Dodson policy, and therefore Dodson cannot recover amounts paid on Miller's judgment from Kujak by right of subrogation. It would also seem that the lessor Walske Transfer was insured by the policy, as the "owner" of the truck; but we need not decide that point.

Since Dodson cannot recover from Martin Kujak, individually, it follows that he cannot recover from Walske Transfer. Whether Walske Transfer be considered as Kujak's employer, for whose torts it may be liable under the doctrine of *respondeat superior,* or as a partnership liable for the torts of a partner in the course of the partnership business, any liability of Walske is derived from liability on the part of Kujak. Kujak not being liable because of his status as an insured, Walske is not liable in the premises.

It remains to consider briefly some arguments advanced by Dodson. He urges that the insurance requirement of sec. 194.41 (1), Stats. 1951, is designed for the benefit of the public and should therefore not be construed as requiring protection of negligent truck drivers. The terms of the statute are plain, however, that the insurer must pay all damages recovered against the operator, whomever he may be, and that is sufficient to make the operator an insured. Some of the provisions of sec. 204.30 (3) and other statutory provisions for omnibus coverage are likewise designed primarily for the benefit of the public, *Pavelski v. Roginski,* 1 Wis. (2d) 345, 349, 350, 84 N. W. (2d) 84, yet they inure also to the benefit of negligent drivers.

Dodson places much reliance on a provision in the lease dated May 12, 1951, from Walske to Moore, that Moore should carry public-liability insurance for the benefit of Moore and the public "and not as insurance for the benefit of lessor" (Walske). Assuming that the May 12th lease

was in effect at the time of the accident, the provision in question is ineffectual to take Kujak out from the coverage of the policy of insurance issued by Dodson to Moore. Whatever may have been the arrangement between Walske and Moore, Dodson wrote his policy so as to make the operator (driver) of the truck an additional insured and thus to comply with sec. 194.41 (1), Stats. 1951; and he thereby disabled himself from recovering from such driver by right of subrogation or indemnity.

Dodson also points to a provision in the policy that it does not cover "liability assumed by the insured under any contract or agreement" not the subject of a policy indorsement. Even if the terms of this provision could be construed as negativing coverage of the driver as an insured, which is doubtful, it is rendered inapplicable in Wisconsin by the above-quoted policy indorsement granting the coverage required by sec. 194.41, Stats. 1951, "notwithstanding any provision to the contrary herein contained."

Finally, it is suggested that even though Dodson be barred from subrogation, he is entitled to recover from Walske Transfer on the theory of indemnity, the tort of Walske's employee or partner Kujak having caused Dodson's loss. We are satisfied, however, that the insurer cannot recover from his own insured on the theory of indemnity any more than that of subrogation, for the same considerations that lead to denial of recovery on the one theory apply to the other. Were it otherwise, the value of insurance against liability for negligent acts would be greatly impaired, and one purpose of the omnibus coverage statutes defeated.

We find it unnecessary to consider a number of other matters argued by the parties.

*By the Court.*—The judgment in favor of Carlet Miller is affirmed. The judgment in favor of Bruce Dodson is reversed, with directions to dismiss Dodson's cross complaint.

Miller may tax his costs against all of the appellants; Walske Transfer may tax its costs on the Dodson appeal, including all printing costs, against Dodson.

MARTIN, C. J., and HALLOWS, J., took no part.