STATE AUTOMOBILE AND CASUALTY UNDERWRITERS, an Iowa Corporation, Plaintiff-Appellee,

v.

Bruce DODSON, Attorney-in-Fact for Subscribers at Casualty Reciprocal Exchange, a Missouri Corporation, Defendant-Appellant.

No. 13637.

United States Court of Appeals Seventh Circuit.

July 24, 1962.

Robert D. Johns, La Crosse, Wis., for appellant.

Lawrence M. Engelhard, La Crosse, Wis., for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

This action arose out of an accident which occurred near La Crosse, Wisconsin, in September, 1951, between a truck (owned by Walske Transfer and driven by Martin Kujak, a partner of Walske Transfer) and a passenger automobile driven by Carlet Miller.

Plaintiff-appellee, State Automobile and Casualty Underwriters, hereinafter called "State Automobile," had issued a

policy of automobile insurance to Walske Transfer, hereinafter called "Walske." Chicago Ice Producers Mutual, State Automobile's filing agent in Wisconsin, issued and filed with the Wisconsin Public Service Commission a policy of automobile liability insurance covering the operation of Walske's equipment under Walske's I.C.C. permit. The principal policy was issued to Walske in Minnesota, where Walske was domiciled, by State Automobile.

At the time of the accident, however, the Walske truck was being operated under a lease to Moore Motor Freight Lines, hereinafter called "Moore," under Moore's own I.C.C. franchise. Defendant, Bruce Dodson, Attorney-in-Fact for Subscribers at Casualty Reciprocal Exchange, hereinafter called "Bruce Dodson," had issued a policy of automobile insurance to Moore.

In May, 1952, a passenger in the Walske truck at the time of the accident, Eugene Jaster, brought suit in the Circuit Court of La Crosse, Wisconsin, for injury and damage sustained by him. He sued all four of the Kujak brothers, doing business as Walske Transfer, and Chicago Ice Producers Mutual. Moore, Bruce Dodson, Carlet Miller and Carlet Miller's insurer, Rural Mutual Casualty Insurance Co., were joined as parties defendant.

A few days later, State Automobile and Chicago Ice Producers Mutual entered into a non-waiver agreement with Walske to defend the Jaster lawsuit, and any other actions which might later be filed arising out of the accident described above, at their own cost. State Automobile's policy was restricted to operations under Walske's own I.C.C. permit. It is admitted by Bruce Dodson that State Automobile's policy did not cover the accident. State Automobile points to provisions in its policy obliging it to defend even groundless, false, or fraudulent suits against its insured, and cites cases in which the courts have held that the insurer is obligated to assume defense of the action if the complaint in the action brought against the insured upon its face alleges facts which come within the coverage of its policy. Although State Automobile knew and advised Walske even before the action was filed that State Automobile believed there was no coverage under its policy, State Automobile's counsel thought that the original complaint filed by Mr. Jaster spelled out a cause of action within the coverage of its policy despite the known facts to the contrary.

Shortly thereafter, State Automobile tendered the defense of the Jaster claim to Bruce Dodson, which refused the tender and made a counter-tender of the defense to State Automobile. Bruce Dodson asserts that throughout the litigation, counsel for Bruce Dodson sought to convince the jury that Martin Kujak was not negligent, or was less negligent than Carlet Miller; that if Bruce Dodson had accepted the tender of defense of Martin Kujak and Walske, that defense would have been conducted in the same manner. Bruce Dodson also argues that counsel for Chicago Ice Producers was fully aware of the proposed defense, was present at the first of the three trials of this cause, but nevertheless, participated in none of the examination or cross-examination of witnesses on the issues of the Jaster claim or the Miller claim (described below), and made no criticism of the conduct of the defense. State Automobile contends that at the time of the counter-tender on May 23, 1952, State Automobile and Walske were notified that defendant intended to defend on behalf of Moore only.

No effort was made to secure a declaratory judgment as to the rights of the respective parties under the several insurance policies.

Mr. Miller, as indicated, cross-complained against Martin Kujak, Walske, and Chicago Ice Producers to recover for his injury and damages. Bruce Dodson cross-complained against Martin Kujak, Walske and Chicago Ice Producers for reimbursement of any sums Bruce Dodson might be required to pay to Mr. Jaster or Mr. Miller because of Martin Kujak's negligence. There were thus two claims

for damages and one for indemnification. Bruce Dodson admitted that the Moore policy covered the claims of Mr. Jaster and Mr. Miller.

Chicago Ice Producers filed a plea in abatement on the ground that its principal policy was a foreign insurance contract containing a "no action" clause. The question of non-coverage was not raised. Judgment dismissing the complaint and cross-complaints as to Chicago Ice Producers was entered before any trial.

On the first day of trial, Bruce Dodson and Rural Mutual, Mr. Miller's insurer, settled the Jaster claim, taking releases of all the defendants, including Martin Kujak and Walske. The Miller claim proceeded to trial. The jury rendered a verdict in favor of Mr. Miller.

The Trial Court heard the issue of indemnification and determined that Bruce Dodson was entitled to indemnification from Martin Kujak and Walske. Both Bruce Dodson and Moore appealed the judgment in favor of Mr. Miller to the Wisconsin Supreme Court, as did Walske, who in addition cross-appealed the judgment for indemnification. Counsel for Bruce Dodson and Moore prepared the record, transcript of testimony and appendix, and made the argument in chief in the Wisconsin Supreme Court, which reversed the judgment and remanded the cause for a new trial. Jaster v. Miller, 269 Wis. 223, 69 N.W.2d 265, 1955. The jury had apportioned negligence 75 percent to Martin Kujak and 25 percent to Carlet Miller. In response to special verdict questions, the jury, *inter alia,* found Martin Kujak negligent as to lookout. The Wisconsin Supreme Court found no evidence to support the finding of negligent lookout on the part of Martin Kujak, and found that two instructions to the jury on the question of Carlet Miller's negligence should not have been given. A new trial was ordered on all issues except damages, as to which no objection had been made. The adjudication in favor of Bruce Dodson, for indemnification, and that in favor of Carlet Miller, for damages, had

been embodied in one judgment filed July 9, 1954. Walske had filed a notice of appeal with respect to the Trial Court's earlier findings, conclusions and order, of June 15, 1954, for judgment in favor of Bruce Dodson. The Wisconsin Supreme Court held that findings of fact, conclusions of law and orders for judgment are not appealable. Motion to dismiss the cross-appeal was granted, but the Wisconsin Supreme Court carefully noted (at page 235, 69 N.W.2d 265) that its action should not be construed as a decision on the merits as to the reimbursement issue.

On retrial, the jury again rendered a verdict for Mr. Miller, and the Trial Court found Bruce Dodson entitled to indemnification. A second appeal to the Wisconsin Supreme Court resulted in another reversal and remand. Miller v. Kujak, 274 Wis. 370, 80 N.W.2d 459, 81 N.W.2d 569, 1957. The Wisconsin Supreme Court held that a finding of causal negligence of the respective parties depended entirely on where the collision took place. The Trial Court had not asked the jury where the collision occurred. The questions in the special verdict were found to be clearly duplicitous. One question with its answer formed a negative pregnant which the Wisconsin Supreme Court was unable to interpret except by speculation. Because of the ambiguities raised by that question, the Wisconsin Supreme Court was uncertain of the true intent of the jury. The Wisconsin Supreme Court again noted (at page 374a, 80 N.W.2d 459, 81 N.W.2d 569) that the defendant truckers and their insurers had raised an issue of ultimate liability among the defendants if the plaintiff obtained a judgment, but since the plaintiff had not yet done so, consideration of that problem was deferred.

The third trial also resulted in judgment for Mr. Miller and judgment of indemnification for Bruce Dodson. On the third appeal, Miller v. Kujak, 4 Wis. 2d 80, 90 N.W.2d 137, 1958, the Wisconsin Supreme Court sustained the judgment for Mr. Miller.

In this third appeal, the Court, for the first time, reviewed the judgment for indemnification and reversed it on the ground that Martin Kujak was an additional insured under the Bruce Dodson policy, and an insurer cannot recover from his own insured either by right of subrogation or on theory of indemnity. The Court directed that Mr. Miller tax his costs against all of the appellants, and that Walske Transfer tax its costs on the Bruce Dodson appeal, including all printing costs, against Bruce Dodson.

Bruce Dodson paid the entire Miller judgment and all taxable costs involved, including the Walske Transfer costs on the appeal. Bruce Dodson contends that in all three trials the defense on the merits of the Miller claim was conducted solely by counsel for Bruce Dodson; that although counsel for State Automobile was present, he did not examine or cross-examine any of the witnesses, but restricted his activities to the defense against Bruce Dodson's claim for indemnification.

State Automobile subsequently instituted the instant suit in the U. S. District Court to recover attorneys' fees and costs allegedly incurred in defending Martin Kujak and Walske.

State Automobile moved for summary judgment in its favor. Bruce Dodson opposed that motion and also moved for summary judgment dismissing the complaint of State Automobile.

The District Court granted judgment for plaintiff State Automobile in the amount of $15,106.15, together with interest at 5% per annum until paid, plus costs. Defendant's appeal followed. No specific ruling was made on defendant's motion for judgment of dismissal.

Defendant lists a number of contested issues, encompassing, for example:

(a) The nature of State Automobile's "obligation" to defend, and whether or not it arose out of the nonwaiver agreement into which State Automobile entered prior to its tender of the defense to defendant. State Automobile's position is that it was legally obligated to defend its insured when defendant refused to do so.

(b) The existence of disputed questions of fact as to whether the fees were reasonable and as to their allocation to:

(i) an unnecessary "defense" of Martin Kujak and Walske against the claims of Mr. Jaster and Mr. Miller, defendant having never claimed its policy did not cover the accident, having asserted the lack (or a proportionally lesser degree) of negligence on the part of Martin Kujak, and having settled or satisfied both claims with resultant release of all defendants;

(ii) the defense of Chicago Ice Producers, whom defendant was never obligated to defend, and who was a party defendant for about a year before being dismissed out of the case; or

(iii) the defense of State Automobile itself against defendant's cross-complaint for indemnity.

State Automobile's position is that had Bruce Dodson accepted the defense of the Jaster and Miller claims without reservation, there would have been no claim for indemnity, and State Automobile need never have sustained the expenses and fees, all of which grew out of Bruce Dodson's refusal to accept the tender of the defense, which Bruce Dodson refused at its peril, thus making itself liable for all resulting damages to plaintiff.

■ We do not reach all of these issues. We do find that there are genuine issues of disputed fact which preclude summary judgment for plaintiff. However, remand of this cause for determination of those issues of fact is contraindicated by the circumstances of this case.

■ From the record before us, the briefs and oral argument of counsel, it appears clear that plaintiff, State Automobile, is essentially in the position of a successful appellant who has secured reversal of a judgment against him. He can truthfully maintain that had the ac-

tion not been brought against him, he would have incurred no attorneys' fees in defending it. However, he is not thereby entitled to recover all fees and expenditures made by him. He is entitled to his taxable costs. Defendant did in fact pay the taxable costs. It does not appear that any effort was made in the Wisconsin Courts to recover the sums sought in the action before us. Neither party has cited any cases in point, nor has this Court found any, but our study of the pertinent Wisconsin statutes (Ch. 271) discloses no provision which would take this cause out of the usual rule and permit the recovery of the fees and expenditures here sought.

The judgment of the District Court is reversed.