HALLMARK INSURANCE COMPANY, Appellant, v. CRARY ENTERPRISES, INC., and another, Respondents.

*No. 701 (1974). Submitted on briefs April 12, 1976.— Decided May 4, 1976.*
(Also reported in 241 N. W. 2d 171.)

For the appellant the cause was submitted on the briefs of *Alfred S. Regnery* and *Stroud, Stroud, Willink, Thompson & Howard* of Madison.

For the respondents the cause was submitted on the brief of *Axley, Brynelson, Herrick & Gehl* of Madison.

HANLEY, J. The sole issue presented on appeal is whether the nonliability status of an employee as an insured accrues to the benefit of his employer when the status is obtained independent of such employment.

In reaching its decision the trial court correctly acknowledged the general rule that an insurer cannot recover by right of subrogation from its own insured. Much emphasis was laid on the case of *New Amsterdam Casualty Co. v. Homans-Kohler, Inc.* (D. C. R. I. 1969), 305 Fed. Supp. 1017, subsequent action (1970), 310 Fed. Supp. 374, affirmed (1st Cir.), 435 Fed. 2d 1232. *See also:* 6A Appleman, *Insurance Law and Practice,* sec. 4055 (rev. vol. 1972) ; *Culver v. Webb* (1944), 244 Wis. 478, 491, 12 N. W. 2d 731. Appleman notes that this situation often occurs in construction incidents where the negligent contractors and subcontractors are additional insureds under the owner's fire policy.

The problem involved here is not so much a matter of subrogation as it is a matter of *respondeat superior.* Employee nonliability as an insured was seen to ascend to the employer on the basis of *Miller v. Kujak* (1958), 4 Wis. 2d 80, 90 N. W. 2d 137.

In that case a liability insurer had issued its policy to Moore Freight Lines who had leased a vehicle owned by Walske Transfer which was being driven by one Martin Kujak, a Walske employee and partner. An accident occurred in the course of his duties for the lessee. The insurer as subrogee for Moore sought indemnification from Walske Transfer. Under the policy endorsements issued in compliance with prevailing statutes, Martin Kujak was an additional insured and thus free from liability in the subrogation action.

The *Miller* court further held:

"Since Dodson cannot recover from Martin Kujak individually, it follows that he cannot recover from Walske Transfer. Whether Walske Transfer be considered as

Kujak's employer, for whose torts it may be liable under the doctrine of respondeat superior, or as a partnership liable for the torts of a partner in the course of the partnership business, any liability of Walske is derived from liability on the part of Kujak. Kujak not being liable because of his status as an insured, Walske is not liable in the premises." *Id.* at page 141.

Appellant has called attention to a seemingly contrary line of cases involving employee nonliability due to family immunity in regards to the injured party. In those decisions, the immunity did not flow to the employer along *respondeat superior* lines. *Le Sage v. Le Sage* (1937), 224 Wis. 57, 271 N. W. 369; *Hensel v. Hensel Yellow Cab Co.* (1932), 209 Wis. 489, 245 N. W. 159. A similar case involved a daughter allegedly acting as the agent of her father in negligently transporting her mother. *Kauth v. Landsverk* (1937), 224 Wis. 554, 271 N. W. 841.

There is no conflict between the above decisions. Neither is *Miller* dispositive of the case here. The correct rule of law is embodied in Restatement (Second) of *Agency,* sec. 217, to which the appellant has made limited reference:

"§217. Where Principal or Agent Has Immunity or Privilege

"In an action against a principal based on the conduct of a servant in the course of employment:

" (a)  The principal has a defense if:

" (i)  he had an immunity from liability to the person harmed, or

" (ii)  he had a delegable privilege so to act, or

" (iii)  the agent had a privilege which he properly exercised on his principal's behalf, or

" (iv)  the agent did not fall below the duty of care owed by the principal to the third person.

" (b)  The principal has no defense because of the fact that:

" (i)  he had a non-delegable privilege to do the act, or

" (ii)  the agent had an immunity from civil liability as to the act."

Comments to this section bring the family immunity cases squarely within the rule stated in (b) (ii). "Immunity" arises because of the relation between the injured and actor, or because of some other status of the actor. It is the nondelegable personal characteristic that yields nonliability. The act, however, was done for the benefit of the employer and it is the act, not the status of the actor, which transfers liability under the doctrine of *respondeat superior*. *See:* 77 C. J. S., *Respondeat Superior*, p. 318.

An insured's lack of liability in a subrogation action undertaken by his insurer does not fall within the contemplation of civil immunity as provided in the Restatement. The comments make clear that nonliability may also rest on privilege, specifically consent. Restatement, *Torts* 2d, sec. 10. Respondents implicitly acknowledge this in noting that the insurer accepts not only the risk that some third party may cause the casualty but also accepts the risk that its own insured may negligently cause the loss. The insurer, however, has consented to this latter risk in exchange for the premiums received for his compensation obligation. Under normal circumstances, negligent conduct causing harm subjects the actor to liability to the harmed parties, including an insurer who has issued compensation. The consensual nature of insurance includes the insured's privilege to be free from liability to his own insurer when he has negligently caused harm.

The *Miller Case* is an example of an employee obtaining such a privilege in the course of his employment by statute and policy. Under Restatement, sec. 217 (a) (iii), the driver engaged in conduct for his employer that included a privilege he could exercise. His employment included being insured and his negligent acts were nonactionable by his insurer to both himself and his employer.

A considerably different situation is present in this case. Crary's nonliability as a named insured is due to his status as the vendor on the land contract. It is materially unrelated to the employment activity in which it is alleged he negligently caused damage. Comments note that the principal's ability to avail himself of his employee's nonliability depends upon the scope of the privilege, as it may be merely personal to that employee. Crary's privilege here is coextensive with his insurable interest and is certainly only a personal one. If any other employee of Crary Enterprises had been the negligent party, this delegated immunity argument would be frivolous. Likewise, respondents admit that the insured nonliability of Crary is impaired here merely because he stands behind the thin corporate veil of Crary Enterprises. Had he been in the employ of another firm when acting negligently, the speciousness of the liability transfer would be obvious. The nonliability of Crary is merely coincidental to his employment by Crary Enterprises and no rule of *respondeat superior* compels that such immunity accrue to his employer's benefit.

Respondents contended that new "issues" not presented to the trial court were raised here. However, we note that the appellant merely clarified the focus of its argument on the same issue of law that was the focus in the trial court. The opinion of the trial court covered the major case on the topic, *Miller v. Kujak, supra,* and all other pertinent matters. Respondents' argument on the "new issues" are wholly without support.

We conclude that the trial court was in error in sustaining the demurrer to the complaint of the appellant.

*By the Court.*—Order reversed.