552 F.2d 568
 SHERWOOD TRUCKING, INC., an Indiana Corp., for its own use
and for benefit of Reserve Insurance Company, an
Illinois Corp., Appellees,
v.
CAROLINA CASUALTY INSURANCE COMPANY, a Florida Corp., Appellant.
 No. 76-1314.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 11, 1976.
Decided March 3, 1977.
 
 William A. Young, Jr., Richmond, Va. (Howard W. Dobbins, Randolph E. Trow, Jr., Wallerstein, Goode & Dobbins, Richmond, Va., on brief), for appellant.
 Archibald Wallace, III, and Albert D. Bugg, Jr., Richmond, Va. (Sands, Anderson & Marks, Richmond, Va., on brief), for appellees.
 Before WINTER, RUSSELL, and WIDENER, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 This case is a dispute between two insurance companies, Reserve Insurance Company (Reserve) and Carolina Casualty Insurance Company (Carolina), over which should bear the responsibility for a settlement of claims resulting from an accident in which a truck was involved which was operating on an Interstate Commerce Commission trip-lease. We are of opinion that, as between the lessor's insurer and the lessee's, the lessee's insurer is responsible, and we reverse.[1]
 
 
 2
 Sherwood Trucking, Inc. (Sherwood) had as its liability carrier Reserve. Sherwood entered into an operating contract with John Lawson, Jr. (Lawson), who had as his liability insurer Carolina. The operating contract was a standard trip-lease agreement permitted by ICC regulations. Lawson, of course, owned the truck involved in the accident, and one of his drivers was Thomas Roger Parker (Parker).
 
 
 3
 Following execution of the trip-lease, Lawson, at the instance of Sherwood, picked up the freight to be transported from Indiana to Virginia, and he and Parker began the trip contracted for. While passing through West Virginia, at a time while Parker was driving, the Lawson truck leased to Sherwood was involved in an accident with a tractor-trailer owned by Chemical Leaman Tank Lines, Inc. As a result of the collision, the driver of the Chemical Leaman truck was killed, a passenger in the Chemical Leaman truck was injured, and there was substantial property damage to the Chemical Leaman tractor-trailer and contents.
 
 
 4
 The driver's estate, the passenger, and Chemical Leaman filed suits against Sherwood, Lawson, and Parker, which were defended and settled by Reserve, Sherwood's insurer. Reserve's policy, under "Definition of Insured," in the truckmen's endorsement, includes not only Sherwood but "any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use therof," which definition, of course, includes Lawson and Parker as "insured" under that policy.[2]
 
 
 5
 The trip-lease contained the following indemnity agreement: "The CONTRACTOR (Lawson) shall save and hold harmless the CARRIER (Sherwood) from all liability for payments required of CARRIER with respect to himself, or any driver, driver-helper, or employee for employer's liability or workmen's compensation benefits." Sherwood then brought a civil suit for its own use and the benefit of Reserve in the United States District Court in Danville against Lawson to recover the amounts paid in settlement to Chemical Leaman, its driver's estate, and the passenger, which totaled $103,500.[3] This suit was "in accordance with the terms and provisions of the lease agreement referred to." The "terms and provisions" mentioned are the indemnity agreement just quoted, and the "lease agreement" mentioned is the trip-lease. Carolina declined to defend this suit,[4] and Lawson procured his own attorney and confessed judgment in the Danville court in the amount of $103,500.
 
 
 6
 Although no execution was issued on that judgment, and neither were garnishment proceedings had, Sherwood, again for its own use and the benefit of Reserve, filed this suit in the district court in Richmond against Carolina on the judgment obtained in Danville.[5]
 
 
 7
 The district court entered judgment against Carolina in the amount sued for, on account of its policy insuring Lawson, and it is from this judgment the appeal is taken.
 
 
 8
 Carolina claims that in all events the judgment complained of must be vacated because prior to the institution of this suit, which apparently was brought under Virginia Code § 38.1-380, no execution was issued on the judgment obtained against Lawson in the district court in Danville, much less that it was returned unsatisfied. It also claims that Reserve is not entitled to proceed under that section under the case of General Accident Fire & Life Assurance Corp., Ltd. v. Aetna Casualty and Surety Company, 208 Va. 467, 158 S.E.2d 750 (1968).
 
 
 9
 Additionally, Carolina claims that no garnishment proceedings were ever instituted that Reserve might proceed under in accordance with FRCP 64 which adopts "the law of the state in which the district court is held, existing at the time the remedy is sought;" the law of the state applicable being Virginia Code §§ 8-441, et seq., in force at an appropriate time. No defense is made to the contentions, which the district court discounted as wasteful of the time of the court and the parties.
 
 
 10
 While we reverse on the merits on other grounds, we mention the matter so that we may not in any way at all be taken to approve a procedure apparently in violation of state substantive and procedural law in part as adopted by the Federal Rules of Civil Procedure and in part made obligatory on us by Erie RR v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). For the reason that a vacation of the court's order on this ground would undoubtedly amount to no more than a new trial after correction of those of the errors complained of just above mentioned capable of correction, we make no holding on the question, for, if there were a new trial, we would be bound to require the district court to enter judgment for the defendant for the reasons hereinafter expressed.
 
 
 11
 Carolina defends the merits of the suit against it because it says the judgment obtained against Lawson by Reserve was on the indemnity clause in the trip-lease agreement, and there is excluded from coverage under its policy issued to Lawson "liability assumed by the insured under any contract or agreement."[6]
 
 
 12
 Reserve acknowledges that read literally the exclusion of Carolina's policy would require judgment in favor of Carolina in this case. But it contends that Lawson had a duty to indemnify it (Reserve) for the settlement of the claims and the argument goes that the duty of indemnification is separate from the contractual duty to indemnify, and therefore the case should be governed by United States Fidelity and Guaranty Company v. Virginia Engineering Co., 213 F.2d 109 (4th Cir. 1954). We do not agree that Virginia Engineering Co., requires judgment in favor of Reserve.
 
 
 13
 In Virginia Engineering Co., a building contractor was sued, along with the landowner, because of the negligence of the contractor. Judgment was obtained against both, and the landowner, under threat of execution, satisfied the judgment out of its own funds, which it charged to the account of the contractor by way of setoff on a due payment under the building contract. The contractor then sued its own insurance company and judgment in its favor was affirmed. The court recognized that the contractor's insurance company was liable for the judgment in favor of the injured person when it was rendered, and reasoned the contractor had a duty at law, separate and apart from its contractual duty, to indemnify the landowner. Under that set of facts, the court held that an exclusion in the policy, much similar to the exclusion here, did not operate to exclude the contractor's insurance company from liability. The court emphasized throughout the opinion that upon payment of the judgment the landowner had the right to recover against the contractor and that the liability of the contractor was "liability imposed by law upon the insured, not liability assumed by contract." p. 115.
 
 
 14
 The Virginia Engineering case is distinguishable from this one in many ways. Most importantly, the question of the application of the exclusion of the policy, considering the only liability to be that assumed by contract, was expressly reserved by the court: "We need not decide, and we do not decide, what rule would be applicable if the only liability of the Engineering Company were one assumed by contract . . . ." p. 115. Taking the suit by Reserve in the district court in Danville at its face value, which is a suit under "the terms and provisions of the lease agreement," the parties are in agreement that if this were all, the exclusion would apply and there would be no liability on the part of Carolina. We think this is fair reading of the case in Danville, and, strictly and technically speaking, we might have no need to go further.[7]
 
 
 15
 But Reserve yet urges that there is a duty of indemnity on the part of Lawson in favor of Reserve separate and apart from the indemnity agreement and thus under Virginia Engineering Lawson's duty to indemnify is separate from the indemnity agreement and liability attaches.
 
 
 16
 We are of opinion there was no obligation on the part of Lawson to indemnify Reserve separate and apart from the indemnity agreement so as to bring this case under the rule of Virginia Engineering.
 
 
 17
 Reserve's policy, it is remembered, included under its definition of those insured "any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof." Thus, Lawson is an insured under the policy and would commonly be called in many cases and policies a named insured, or an additional insured, or an additional named insured. The exact terminology is of no consequence. The fact is that Lawson was designated as an insured under the terms of the policy.
 
 
 18
 Since Lawson was named as an insured under the terms of Reserve's policy, Reserve may not by way of subrogation into any right Sherwood may have had against Lawson cause to arise a duty of indemnity from Lawson to Reserve. Such subrogated rights as Reserve may have do not extend to its recovery from its own insured the payment made under its contract of insurance.
 
 
 19
 This rule has been applied in many cases. The case we principally rely upon is Builders and Mfrs. Mut. Cas. Co. v. Preferred A. Ins. Co., 118 F.2d 118 (6th Cir. 1941). That case not only states the law we apply here, its facts are the same other than for insignificant details. In Builders, an interstate trucking company, procured a driver who owned his own truck to haul some freight for the trucking company from New York to Ohio. While en route the driver had a wreck, causing death and personal injuries to third persons. The injured person and the decedent's estate sued the truck company, and the cases were settled by the truck company's insurance carrier, which then sued the driver for the sums paid in settlement. The driver defaulted and judgment was entered in favor of the truck company's insurance carrier against him. Later, the truck company's insurance carrier sought to make the driver's insurance carrier a party to the suit to collect the default judgment it had obtained against the driver.
 
 
 20
 In that case, the term named assured under the policy of the truck company's insurer included "the interests of the owners and operators of hired cars and/or trailers and of independent contractors," language so similar to that used in our case as to be indistinguishable.
 
 
 21
 Although the district court had held for the defendant for procedural reasons under Ohio law remarkably like those contended for by the defendant here which we have stated would require in effect a new trial, the Court of Appeals affirmed the judgment upon the same question presented here and stated that "when the (truck company's insurance carrier) settled the state suits by payment of the amounts agreed upon, it discharged its own primary liability, and cannot now recover the identical amount which it agreed in its contract of insurance to pay." p. 121. The opinion found that the driver was a named assured under the contract of insurance issued by the truck company's insurance carrier and continued: "(t)he rule that an insurer who has paid the loss resulting from a peril insured against may be subrogated to all the claims which the insured may have against any person by whose negligence the injury was caused does not apply in a case where the injury was caused by the negligence of the insured himself." pp. 121-122. We think Builders is a well reasoned case, and we follow it.
 
 
 22
 The same rule has been variously applied by other courts in fact situations similar to greater or lesser extent to that existing here. See Miller v. Kujak, 4 Wis.2d 80, 90 N.W.2d 137 (1958); Trinity Universal Insurance Co. v. Farmers Mutual Auto Insurance Co., 309 F.2d 283 (7th Cir. 1962); Stetina v. State Farm Nat. Auto. Ins. Co., 196 Neb. 441, 243 N.W.2d 341 (1976); Chenoweth Motor Co., v. Cotton, 2 Ohio Misc. 123, 207 N.E.2d 412 (1965), and other cases. See also 6A Appleman on Insurance Law and Practice, 1972, § 4055.
 
 
 23
 Because Reserve may not in its own name or through any claimed subrogated right it may have in the name of Sherwood claim a duty of indemnity from its own insured, we are of opinion it may not recover in this case against Carolina, Lawson's insurance carrier, any more than it could have recovered against Lawson.
 
 
 24
 The judgment of the district court is accordingly
 
 
 25
 REVERSED.
 
 
 
 [1]
 There is no doubt that Reserve, not Sherwood, is the real plaintiff in this case. It is the party to which any recovery would go and is the only party which has paid out any money on account of claims resulting from the accident
 
 
 [2]
 The policies of both Sherwood and Lawson had identical truckmen endorsements
 
 
 [3]
 See footnote 1
 
 
 [4]
 Carolina also declined to defend the suits on account of the accident which were settled by Reserve. Reserve admits, however, that, absent the indemnity agreement in the trip-lease, primary insurance liability would be upon Reserve, not Carolina
 
 
 [5]
 See footnote 1
 
 
 [6]
 Carolina also argues strenuously that the language of the indemnity provision does not express an indemnity for the kind of claim made here. We express no opinion on the question for two reasons: first, the suit in Danville made it the law of the case; and, second, even if the language would include the claim asserted, recovery may not be had here
 
 
 [7]
 It is of more than passing interest that Reserve takes the position that "the effect of the indemnity clause in the operating contract is to reverse these positions (Reserve primary and Carolina secondary) and replace the primary liability for this loss on Carolina, where it began." We do not agree. We do not think, assuming the indemnity provision does express an agreement to indemnify for the claim asserted, that the exclusionary clause in Carolina's policy has been obviated so that it fails to include the indemnity agreement. Nothing in the record indicates anything done on the part of Carolina at any time which would show it intended to change its insurance contract in that respect or any waiver of such provision
 At this point, we should also note that this is not a suit in which liability in favor of an injured third party has been fixed by judgment against Sherwood, Lawson, and Parker, or any of them; it is not a case in which liability, if any, in favor of Sherwood against Lawson and Parker has been fixed; it is not a case in which any funds of either Sherwood or Lawson or Parker have been expended to satisfy any judgment or claim occasioned by the negligence of Lawson or Parker, either or both; and it is not a suit by Lawson against Carolina. We do not imply what the result may be in those hypothetical situations and recite them to emphasize that we express no opinion on those fact situations.