BANKERS AND SHIPPERS INSUR-
ANCE COMPANY OF NEW
YORK, Plaintiff,

v.

JAMES H. HARTMAN & SON,
INC., Defendant.

and

Dennis L. TOWNSEND, Defendant and
Third-Party Plaintiff,

v.

CAROLINA CASUALTY INSURANCE
COMPANY, Third-Party Defendant.

BANKERS AND SHIPPERS INSUR-
ANCE COMPANY OF NEW
YORK, Plaintiff,

v.

CAROLINA CASUALTY INSURANCE
COMPANY, Defendant.

Civ. A. Nos. 81–1776, 81–4081.

United States District Court,
E. D. Pennsylvania.

Jan. 8, 1982.

Steven Waxman, Philadelphia, Pa., for plaintiffs.

Albert S. Fein, Philadelphia, Pa., for Carolina Cas.

Anthony B. Agnew, Philadelphia, Pa., for James H. Hartman.

Elliot Feldman, Philadelphia, Pa., for Dennis Townsend.

Morton F. Daller, Philadelphia, Pa., for Fruehauf.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This is an action in which plaintiff, Bankers and Shippers Insurance Company of New York ("Bankers"), insurer of P. Liedtka Trucking, Inc. ("Liedtka"), is seeking to recover from all the defendants either jointly or severally, a payment made by plaintiff to Linda and William Rice. The payment was made out of a contract of reinsurance obtained by plaintiff in settlement of an injury claim by the Rices arising out of an accident involving an automobile operated by Linda Rice and a tractor-trailer leased by Liedtka from its owner defendant James H. Hartman & Son, Inc. ("Hartman"), and operated by defendant Dennis L. Townsend ("Townsend"). Defendant Carolina Casualty Insurance Company ("Carolina") insured Hartman. The case was tried to the Court sitting with a jury. The court submitted the case to the jury with instructions to answer special written interrogatories. The jury answered the interrogatories finding that at the time of the accident, Townsend was the agent of both Hartman and Liedtka; that Townsend was negligent in his operation of the tractor-trailer, and his negligence was a proximate cause of the accident; that Hartman was negligent in failing to properly maintain its tractor-trailer or in allowing Townsend to operate its tractor-trailer, and its negligence was a proximate cause of the accident; that Liedtka was negligent in failing to inspect the tractor-trailer it leased from Hartman, but that its negligence was not a proximate cause of the accident; and that Carolina was right in not participating in the settlement of the Rice claim. Presently before the Court are several motions as follows:

1. Motion of Defendant Dennis L. Townsend for Entry of Judgment in his favor against the plaintiff, Bankers and Shippers Insurance Company of New York.

2. Motion of Defendant James H. Hartman & Son, Inc. for Entry of Judgment in its favor against the plaintiff Bankers and Shippers Insurance Company of New York.

3. Motion of plaintiff Bankers and Shippers Insurance Company of New York for Entry of Judgment as follows:

(a) Against plaintiff Bankers and in favor of defendant Townsend with respect to Bankers' claim against Townsend;

(b) In favor of plaintiff Bankers against defendant Hartman for $238,141.76 with respect to Bankers' claim against Hartman;

(c) Against defendant Townsend and in favor of defendant Hartman and third party defendant Carolina with respect to Townsend's crossclaim and third party claim, as these claims would be rendered moot by entry of judgment in favor of Townsend against Bankers by virtue of (a) above;

(d) Against Hartman and in favor of Bankers with respect to Hartman's counterclaim against Bankers;

(e) Against Hartman and in favor of Townsend with respect to Hartman's crossclaim against Townsend; and

(f) Against Carolina and in favor of Bankers with respect to Carolina's crossclaim against Bankers.

With respect to the declaratory judgment action brought by Bankers against Carolina, Bankers moves for entry of judgment that:

(a) the insurance policy issued by Bankers to Liedtka does not afford insurance coverage to Hartman for liability imposed upon Hartman arising out of its own independent negligence in connection with the Rice accident; and

(b) the insurance policy issued by Carolina to Hartman affords coverage to Hartman for liability arising from its independent negligence in connection with the Rice accident.

*Motion of Dennis L. Townsend for Entry of Judgment Against Bankers and Shippers Insurance Company of New York*

This motion is granted since Bankers and Shippers Insurance Company of New York agrees that the judgment should be entered, in light of the finding by the jury that Townsend was the agent of both Hartman and Liedtka at the time of the accident.

*Motion of James H. Hartman, Inc. for Entry of Judgment Against Bankers and Shippers Insurance Company · of New York*

Hartman contends that it was an insured under the policy which Bankers issued to Liedtka. Thus, Hartman concludes Bankers may not obtain indemnification from its own insured in regard to payment of policy proceeds by Bankers to Rice. *Sherwood Trucking, Inc. v. Carolina Casualty Insurance Co.*, 552 F.2d 568 (4th Cir. 1977); *Turner Construction Co. v. John B. Kelly Co.*, 442 F.Supp. 551 (E.D.Pa.1976). We agree with Hartman's conclusion that an insurance company may not obtain indemnification from its own insured. However, we do not agree that Hartman was an · insured under Bankers' policy of insurance issued to Liedtka.

The "Truckmen's Endorsement" of Bankers' insurance policy to Liedtka provides: "Persons Insured

each of the following is insured under this insurance to the extent set forth below:

(a) the named insured;

(b) any partner or executive officer thereof;

(c) Any other person while using an *owned automobile* or a hired *automobile* with the permission of the *named insured*, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to *bodily injury* or *property damage* arising out of the loading or unloading thereof, such other person shall be an *insured* only if he is:

(1) a lessee or borrower of the *automobile*; or

(2) an employee of the *named insured* or of such lessee or borrower; or

(3) a person or organization, or any agent or employee thereof, engaged in the business of transporting property by *automobile* for the *named insured* or for others.

(d) any other person or organization, but only with respect to his or its liability because of acts or omissions of an *insured* under (a), (b) or (c) above."

Since the jury found that Townsend was the agent of Liedtka at the time of the accident, there is no question that Townsend is covered under the Bankers' policy to Liedtka. However, Hartman's position differs greatly from that of Townsend. Hartman is not the "named insured" under Bankers' policy nor is it a "partner or executive officer thereof", thus does not fall under either (a) or (b) above.

We must next examine the provisions of (c) of the policy to determine if Hartman is covered thereunder. The jury found that Hartman was negligent in failing to properly maintain its tractor-trailer or in allowing Townsend to operate its tractor-trailer. Thus, Hartman's negligence was independent of the negligence of Townsend.[1] Hartman argues, nevertheless, that he is insured under Bankers' policy as to the general use of the tractor-trailer in carrying out the terms of the trip lease with Liedtka. Hartman contends that it was using the tractor-trailer with the permission of the named-insured Liedtka, within Liedtka's permission, the permission being the contractual terms of the trip lease between Hartman and Liedtka. We do not agree. We find that Liedtka was using the tractor-trailer with the permission of Hartman, not vice-versa as Hartman contends. The tractor-trailer at the time of the accident was being used in the business of the lessee, Liedtka, which is hauling for hire, and not in the business of the lessor, Hartman, which, in this case was the renting of a vehicle owned by it to another for the other's use. Townsend, the operator of the tractor-trailer, was found by the jury to be the agent of both Hartman and Liedtka. This fact (that Hartman retained a right of control over Townsend) is not inconsistent with the conclusion that at the time of the accident, the tractor-trailer was being used exclusively in the business of Liedtka. See, *Walter v. Dunlop*, 368 F.2d 118 (1966). In the *Walter* case, at page 120, the Court states:

"An analogy may be helpful here. In common parlance and understanding, after the space in a commercial building has been rented to tenants, the structure is described and viewed as being used in the business of the tenants and not in the business of the landlord. It is the leasing of property to produce income rather than the use made of it while rented which constitutes the lessor's business. Any control the lessor may reserve over the premises and any employment of a building superintendent and staff are for the maintenance and protection of his property and do not constitute a proprietary involvement in the current use of the building.

By parity of reasoning, the business of Grimm [the lessor] was the renting of vehicles owned by him to others for their use. Any right of control he may have reserved over a driver he supplied to a lessee along with a vehicle was a measure for the safeguarding of his property and the accommodation of the lessee. But this did not make the use of the rented vehicle in hauling for hire the business of the lessor. In this view, leasing property to another and using it for one's self are simply antithetical concepts.

The contrary view, that a rented vehicle is being 'used' in the lessor's rental business throughout the period of hire is conceptually possible but contrary to our normal and ordinary view of the nature of a lease as transferring the possession and use of the property from lessor to lessee. . . ."

Since Hartman cannot be deemed a "permissive user" of the tractor-trailer at the time of the accident, Hartman is not an insured under any provision of Bankers' policy.

---

1. The jury found that Townsend was negligent in his operation of the tractor-trailer.

Hartman does not fall within the provisions of (d) of the policy since Hartman's liability arises not from the acts or omissions of an insured under (a), (b), or (c) of the policy, but rather from its independent negligence as found by the jury.

We therefore deny the motion of Hartman for entry of judgment against Bankers.

*Motion of Bankers and Shippers Insurance Company of New York for Judgment in favor of Dennis L. Townsend and against Bankers and Shippers Insurance Company of New York*

The motion is granted in light of the jury's finding that Townsend was the agent of both Hartman and Liedtka at the time of the accident. Thus, Bankers may not obtain indemnification from its own insured in regard to payment of policy proceeds by Bankers to Rice.

*Motion of Bankers and Shippers Insurance Company of New York for Judgment Against Defendant James H. Hartman & Son, Inc. in the Amount of $238,-341.76*

We have already, in this Memorandum Opinion, denied Hartman's motion for judgment against Bankers. Using the same reasoning set forth in determining that motion, we grant Bankers' motion for judgment against Hartman.

We had previously determined that Hartman was not an insured under Bankers' insurance policy issued to Liedtka. The jury found that Hartman was negligent and that its negligence was a proximate cause of the accident involving Rice. The jury was asked to ascribe percentages of responsibility to Townsend, Hartman and Liedtka for the accident. The jury ascribed 40% to Townsend, 35% to Hartman, and 25% to Liedtka. Since the jury had already determined that Liedtka's negligence was not a proximate cause of the accident, the jury should not have ascribed any percentage of

responsibility to Liedtka. We shall therefore mold the verdict by adjusting the percentages assigned to Townsend and Hartman as follows:[2]

| | |
|---|---|
| Townsend | 53.3% |
| Hartman | 46.7% |

The cost of the settlement made to the Rices was $510,367.80. Using the adjusted percentages to the settlement cost results in Townsend being liable for $272,026.04 and Hartman being liable for $238,341.76. We have already discussed that Townsend is an insured under Bankers' policy, and that Bankers is not entitled to indemnity from its own insured. Bankers is alone responsible for the payment of the amount of the settlement allocated to Townsend and thus may not recover from Townsend for Townsend's negligence. However, since we have found that Hartman was not an insured under Bankers' policy, Bankers is entitled to judgment against Hartman in the amount of $238,341.76 for Hartman's negligence.

*Motion for Judgment in Favor of Defendant Hartman and Third Party Defendant Carolina Casualty Insurance Co. Against Dennis L. Townsend With Respect to the Crossclaim and Third Party Claim of Dennis L. Townsend*

Since we have already entered judgment in favor of Townsend and against Bankers, the crossclaim of Townsend against Hartman, and the third party claim of Townsend against Carolina are rendered moot. We shall therefore grant this motion.

*Motion of Bankers and Shippers Insurance Company of New York for Judgment in its Favor and Against James H. Hartman & Son, Inc. on the Crossclaim Filed by James H. Hartman & Son, Inc. Against Bankers and Shippers Insurance Company of New York*

Since we have entered judgment in favor of Bankers and against Hartman for $238,-341.76, we must grant this motion.

2. We arrived at the adjusted percentages by taking into account the ratio of the percentages ascribed by the jury for Townsend and Hart-

man against the percentage ascribed by the jury for Liedtka.

*Motion for Entry of Judgment in Favor of Dennis L. Townsend and Against James H. Hartman & Son, Inc. on Crossclaim filed by James H. Hartman & Son, Inc. Against Dennis L. Townsend*

The motion is granted in light of the determination by the jury that Townsend was the agent of Hartman at the time of the accident, and that a proximate cause of the accident was Hartman's own independent negligence.

*Motion of Bankers and Shippers Insurance Company for Judgment in its Favor and Against Carolina Casualty Insurance Company on the Counterclaim Filed by Carolina Casualty Insurance Company Against Bankers and Shippers Insurance Company of New York*

This motion is granted in light of our determination that Bankers is entitled to judgment against Hartman, which is the insured of Carolina under the insurance policy issued by Carolina to Hartman.

*Motion of Bankers and Shippers Insurance Company of New York for Judgment Declaring that the Insurance Policy Issued by Bankers to P. Liedtka Trucking, Inc. Does not Afford Coverage to James H. Hartman & Son, Inc. For the Accident of February 5, 1979.*

In light of our determination in this Memorandum Opinion that Bankers is entitled to judgment against Hartman, we grant this motion.

*Motion of Bankers and Shippers Insurance Company of New York For a Judgment Declaring That An Insurance Policy Issued by Carolina Casualty Insurance Co. to James H. Hartman & Son, Inc. Does Afford Insurance Coverage to Hartman For Liability Arising From Its Independent Negligence In Connection With The Accident of February 5, 1979*

 Carolina had issued an insurance policy, Policy No. GLA 007234, to Hartman which was in effect at the time of the accident of February 5, 1979. The policy provided that it covered all commercial equipment owned and/or operated by Hartman. Carolina argues that its insurance is excess over the insurance provided by Bankers to Liedtka. We do not agree. The jury found that Hartman was negligent in failing to properly maintain its tractor-trailer or in allowing Townsend to operate the vehicle, and that Hartman's negligence was a proximate cause of the accident of February 5, 1979. The jury ascribed 35% of responsibility to Hartman, adjusted by this Court to 46.7%. Since Hartman's negligence was independent, rather than vicarious, coverage for Hartman falls under the provisions of the insurance policy issued by Carolina to Hartman. We therefore grant this motion.

ORDER

1. The Motion of Defendant Dennis L. Townsend for Entry of Judgment in his favor against the Plaintiff Bankers and Shippers Insurance Company of New York is GRANTED.

The Motion of Plaintiff Bankers and Shippers Insurance Company of New York for Judgment in favor of Defendant Dennis L. Townsend and against Plaintiff Bankers and Shippers Insurance Company of New York is GRANTED.

Judgment is entered in favor of Defendant Dennis L. Townsend and against Plaintiff Bankers and Shippers Insurance Company of New York.

2. The Motion of Defendant James H. Hartman & Son, Inc. for Entry of Judgment in its favor against the Plaintiff Bankers and Shippers Insurance Company of New York is DENIED.

3. The Motion of Plaintiff Bankers and Shippers Insurance Company of New York for Judgment against James H. Hartman & Son, Inc. in the amount of $238,341.76 is GRANTED, and Judgment is entered in favor of Plaintiff Bankers and Shippers Insurance Company of New York and against Defendant James H. Hartman & Son, Inc. in the amount of $238,341.76.

4. The Motion for Judgment in Favor of James H. Hartman & Son, Inc. and against Dennis L. Townsend on the Crossclaim of Dennis L. Townsend, and for Judgment in Favor of Third-Party Defendant Carolina Casualty Insurance Company and against Dennis L. Townsend on the Third-Party Complaint is GRANTED.

Judgment is entered in favor of Defendant James H. Hartman & Son, Inc. and against Defendant Dennis L. Townsend on the crossclaim of Dennis L. Townsend against James H. Hartman & Son, Inc.

Judgment is entered in favor of Third-Party Defendant Carolina Casualty Insurance Company and against Third-Party Plaintiff Dennis L. Townsend on the Third-Party Complaint of Dennis L. Townsend against Carolina Casualty Insurance Company.

5. The Motion of Plaintiff Bankers and Shippers Insurance Company of New York for Judgment in its favor and against Defendant James H. Hartman & Son, Inc. on the crossclaim filed by James H. Hartman & Son, Inc. against Bankers and Shippers Insurance Company of New York is GRANTED, and Judgment is entered in favor of Plaintiff Bankers and Shippers Insurance Company of New York and against Defendant James H. Hartman & Son, Inc. on the crossclaim filed by James H. Hartman & Son, Inc. against Bankers and Shippers Insurance Company of New York.

6. The Motion for Entry of Judgment in favor of Defendant Dennis L. Townsend and against Defendant James H. Hartman & Son, Inc. on the crossclaim filed by James H. Hartman & Son, Inc. against Dennis L. Townsend is GRANTED, and Judgment is entered in favor of Defendant Dennis L. Townsend and against Defendant James H. Hartman & Son, Inc. on the crossclaim filed by James H. Hartman & Son, Inc. against Dennis L. Townsend.

7. The Motion of Plaintiff Bankers and Shippers Insurance Company of New York for Judgment in its favor and against Third-Party Defendant Carolina Casualty Insurance Company on the crossclaim filed by Carolina Casualty Insurance Company against Bankers and Shippers Insurance Company of New York is GRANTED, and Judgment is entered in favor of Plaintiff Bankers and Shippers Insurance Company of New York and against Third-Party Defendant Carolina Casualty Insurance Company on the crossclaim filed by Carolina Casualty Insurance Company against Bankers and Shippers Insurance Company of New York.

8. The Motion of Plaintiff Bankers and Shippers Insurance Company of New York for Judgment declaring that the insurance policy issued by Bankers and Shippers Insurance Company of New York to P. Liedtka Trucking, Inc. does not afford coverage to James H. Hartman & Son, Inc. for the accident of February 5, 1979 is GRANTED, and Judgment is entered in favor of Plaintiff Bankers and Shippers Insurance Company of New York and against Defendant James H. Hartman & Son, Inc. declaring that the insurance policy issued by Bankers and Shippers Insurance Company of New York to P. Liedtka Trucking, Inc. does not afford coverage to James H. Hartman & Son, Inc. for the accident of February 5, 1979.

9. The Motion of Plaintiff Bankers and Shippers Insurance Company of New York for Judgment declaring that an insurance policy issued by Carolina Casualty Insurance Company to Defendant James H. Hartman & Son, Inc. does afford insurance coverage to Hartman for liability arising from its independent negligence in connection with the accident of February 5, 1979 is GRANTED, and Judgment is entered in favor of Plaintiff Bankers and Shippers Insurance Company of New York and against Third-Party Defendant Carolina Casualty Insurance Company declaring that Insurance Policy No. GLA 007234, issued by Carolina Casualty Insurance Company to James H. Hartman & Son, Inc. does afford insurance coverage to Hartman for liability arising from its independent negligence in connection with the accident of February 5, 1979.

IT IS SO ORDERED.