798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CAROLINA CASUALTY INSURANCE COMPANY, a Florida Corporation, Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA, and Aetna Insurance
Company, Defendants,
Arkansas Best Freight System, Inc., Appellant,
Gayle M. Bryant, Administratrix of the Estate of James
Iverson Bryant, deceased, Defendants,
H.H. Moore, Jr., Trucking Company, Inc., Appellee.
 No. 85-1909.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1986.
Decided Aug. 13, 1986.
 
 Thomas C. Spencer, for appellant.
 Richard C. Rakes (Philip V. Anderson; Gentry, Locke, Rakes & Moore on brief), for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is a declaratory judgment action brought by Carolina casualty Insurance Co. to determine its liability arising out of a trucking accident. The district court found that Carolina had no liability, and we now affirm.
 
 I.
 
 2
 Carolina, along with Aetna Insurance Co., insured H. H. Moore Trucking co., a Virginia-based long-haul trucking company. This suit arises out of a trip lease agreement Moore entered with Arkansas Best Freight System, Inc. (ABF) in January 1982. ABF, a certified interstate motor freight carrier, was insured by Insurance Company of North America (INA) in compliance with the insurance requirements of the Interstate Commerce Commission. See 49 U.S.C. Sec. 10927.
 
 
 3
 The trip lease provided that Moore would lease a truck and a driver to ABF to transport ABF's cargo from Ohio to North Carolina. The trip lease also rather care fully allocated the risks of the run between Moore and ABF. It first broadly placed the leased equipment 11 in the exclusive possession, control, and use of [ABF, for which ABF] assumes full responsibility ... to the public." The agreement went on to carve out certain exceptions to this general assumption of liability. Most importantly, Moore agreed to "indemnify and hold [ABF] harmless... from and against claims ... arising from death or bodily injuries to third persons ... resulting from negligent operation of leased equipment by [Moore] or his driver."
 
 
 4
 While on ABF's run, Moore's driver, Bailess, took on an unauthorized passenger, Bryant. Bailess' truck overturned in West Virginia and both men were killed. Bryant's estate brought a wrongful death action against ABF, Moore and the Bailess estate in a Virginia state court. ABF cross-claimed for indemnity against both Moore and the Bailess estate under the trip lease and on an allegation of negligence. ABF settled the wrongful death action for $80,000, paying the entire sum itself because its deductible with INA was $400,000. ABF's cross-claims have been continued pending our determination of Carolina's responsibilities.
 
 II.
 
 5
 On Carolina's motion for summary judgment, the district court found that Carolina was not liable for any part of ABF's $80,000 settlement. Carolina's liability, if any, arises from its coverage of Moore, who is in turn answerable to ABF under the express terms of the trip lease. Carolina's policy with Moore, however, expressly excludes coverage for "liability assumed ... under any contract or agreement." On the basis of this clear exclusion, we agree with the ruling below.
 
 
 6
 We do not find persuasive ABF's arguments that Moore has a duty to indemnify it, apart from the duty imposed by the trip lease, under the rule announced in United States Fidelity & Guaranty Co. v. Virginia Engineering Co., Inc., 213 F.2d 109 (4th Cir.1954). In a building contractor and a landowner were sued as a result of the negligence of the contractor. A judgment against both was entered which the landower paid and then deducted from the moneys due the contractor under the construction contract. That contract also provided that the contractor should indemnify the landowner for claims of this type. The contractor then sued its insurer who defended on the ground that the reimbursement was in discharge of a liability assumed by contract and therefore not covered by the applicable policy. Id. at 110.
 
 
 7
 The district court found for the contractor and we affirmed, holding that the liability "was one imposed by law within the coverage of the policy and not merely one assumed under contract within the meaning of the exclusion clause." Id. at 111-12. This conclusion was based on the contractor's apparent primary liability for injuries resulting from its own negligence. This, we held, was precisely the risk against which the contractor insured, and the fact that the payment was routed through a secondarily liable party, which the contractor had also agreed to indemnify, was irrelevant. Id. at 112.
 
 
 8
 The instant case is not controlled by Virginia Engineering because, here, Moore had no obligation to indemnify ABF apart from its agreement in the trip lease. Moore and ABF agreed to place primary responsibility for mishaps on ABF's shoulders. Although Moore contracted to indemnify ABF in certain situations, the policy with Carolina clearly excluded contractual assumptions of liability. As in Sherwood Trucking Inc. v. Carolina Casualty Insurance Co., 552 F.2d 568, 572 (4th Cir.1977), a case which for these purposes is factually indistinguishable from the present one, we can find no other basis for indemnity.
 
 
 9
 III. It was intimated at oral argument that Carolina might
 
 
 10
 be liable for having misrepresented the scope of the
 
 
 11
 insurance coverage it gave Moore. Although on the present
 
 
 12
 record we find little merit to such a claim, we do not
 
 
 13
 hereby foreclose the question should it arise in the pending
 
 
 14
 state proceedings. We decide no more than that Carolina is
 
 
 15
 not liable under its policy as issued.
 
 
 16
 IV. The judgment below is affirmed.
 
 
 17
 AFFIRMED.